### CONTINENTAL LAND AND CATTLE COMPANY V. A. L. BOARD, TAX COLLECTOR, ET AL.

#### No. 6782.

1. **Tax Collector Acting Under Regular Tax Roll.**—Any officer whose duties are merely ministerial, and to whom process is issued which is apparently in due form of law, and which neither in its recitals nor its omissions apprises him that it is issued without legal right, will be protected in serving it, even though in fact it was issued without authority. This applies to an officer collecting taxes upon a tax roll, legal in form, coming regularly to his hands.

2. **Taxes Collected upon Land Exempt from Taxation.**—The tax collector could not revise the tax lists coming to his hands, nor ascertain the tenure of one holding county school lands. The complainant having paid the tax, can not look to the collector for reimbursement, although he could have prevented its collection.

3. **Injunction Restraining Collection of Tax upon Exempt Lands.**—An injunction against the collection of taxes upon county school lands held by a tenant for a term of years was properly refused when the petition alleged only the assessment of the land, without allegation that the tax roll with the particular assessment had been approved or had come to the hands of the collector, or other facts showing the threatened injury.

4. **County School Lands** are exempt from taxation while owned by the county.

APPEAL from Baylor. Tried below before Hon. A. H. Carrigan, Special District Judge.

On the 1st day of October, 1887, appellant, as plaintiff below, claiming to be a private corporation duly incorporated under and by virtue of the laws of the State of Texas, brought this suit against the appellees, A. L. Board as tax collector of Baylor County, Texas, and M. W. Bevers as the assessor of taxes in said county, by which appellant sought to recover of A. L. Board the sum of $613.71, claimed to have been illegal taxes paid by appellant to him as such tax collector on the 16th day of December, 1886, paid under protest after said Board had seized the personal property of appellant therefor, and to prevent a sale thereof; also the sum of $599.50, claimed to have been illegal taxes paid by appellant to A. L. Board as such tax collector on August 8, 1887, paid under protest after said Board had seized the personal property of appellant therefor, and to prevent a sale thereof; claiming that said first named sum was for taxes illegally assessed against appel-

lant by said M. W. Bevers as such assessor of taxes for the year 1885, on certain county school lands held by it under a lease for a term of five years from the respective counties, and that the same was so assessed to appellant at the full fee value of said land; also that said sum of $599.50 was for taxes illegally assessed against appellant by said M. W. Bevers as such assessor of taxes for the year 1886 on said school lands so held by appellant under leases from the respective counties owning the same, and that the same was assessed to the appellant at the full fee value of said land; also claiming that said leasehold estate in said lands so held by appellant was at the time for which said assessments were made of no pecuniary value, and that said A. L. Board as such collector, notwithstanding the protest of appellant, forced the payment of said illegal taxes as aforesaid.

Appellant prayed to recover the amount of illegal taxes so paid to said Board, and that said appellees be perpetually enjoined from further assessing said lands for taxes against appellant and from further forcing it to pay taxes thereon.

Appellees answered by general demurrer and special exceptions. Also answer to merits.

April 25, 1888, the cause was tried and appellees' general demurrer was sustained to appellant's petition; and appellant having declined to amend, judgment was rendered dismissing the cause and adjudging costs against appellant; to which appellant excepted and in open court gave notice of appeal. This statement is from the appellant's brief and is accurate.

*A. T. Watts,* for appellant.—1. Taxes illegally assessed, if paid under coercion and protest, may be recovered back from the collector at the suit of the party paying the same. Taylor v. Robinson, 72 Texas, 364; Hardesty v. Fleming, 57 Texas, 399; 2 Desty on Taxation, 799.

2. The taxes paid were illegal, paid under protest, and this suit was promptly brought to recover the same.

3. Lands held under a lease for a term of three or more years, if taxable at all, can only be assessed to the lessee at the fair cash value of the leasehold estate. Rev. Stats., art. 4691, and subdiv. 4, art. 4692.

4. County school lands are exempt from taxation, and leasehold estates in said lands are likewise exempt. Daugherty v. Thompson, 71 Texas, 192.

No appearance for appellees.

STAYTON, CHIEF JUSTICE.—This action was brought by appellant against Board, tax collector, to recover from him sums alleged to have been illegally collected by him for the State and county for the years 1885 and 1886.

It is alleged that appellant had rented county school lands from several counties for a term of years, and that these were assessed at a valuation based on the value of the fee in the land, and that upon the assessment thus made the collector was proceeding to enforce payment by levy on personal property when, to avoid this, appellant paid the sums for which he was assessed under protest.

There is no averment that the tax roll was not in due form, nor that the collector was doing or threatening to do any act which under the law it did not, in effect, command him to do, but the ground of complaint is that the assessment was at too high a valuation, resulting from the fact that this was not based on the value of the leasehold estate but upon the value of the fee. The complaint might go further, for such lands, in the hands of a lessee, have been held not to be subject to taxation at all. Daugherty v. Thompson, 71 Texas, 192.

The pleadings show that an assessment was made and that the collector was acting under that when he received the money; and this being true, in the absence of averment that the process under which he was acting was not in the form prescribed by law, did not come from the tribunal or body authorized to issue it, or for some other reason was not entitled to obedience, it must be held that the court did not err in sustaining a demurrer to so much of the petition as sought to recover the sums paid, unless it be that a tax collector is not entitled to that protection which process apparently legal usually gives to ministerial officers who act in obedience to it.

. The rule upon this subject is thus clearly stated: ''In general, any officer whose duties are merely ministerial, and to whom process is issued which is apparently in due form of law, and which neither in its recitals nor in its omissions apprises him that it is issued without legal right, will be protected in serving it, even though in fact it was issued without authority of law. This is a rule not only essential to the protection of such officers, but absolutely required also for the due dispatch of public business. It would seem to be impolitic in a very high degree to compel such an officer to ascertain at his peril the illegalities that might lie back of a process apparently legal, and it might be justly expected to force prudent men to decline the office altogether, or to proceed with such hesitation and circumspection as sometimes to render the process of little or no avail. The general rule is that such an officer is legally protected against any illegalities except those committed by himself, and it is not illegal for him to execute process which comes to him as a ministerial officer from other officers whose actions he has no authority to revise or review.'' Cooley on Taxation, 797, where will be found a full citation of cases illustrating the application of the rule.

The tax collector had neither the right nor power to revise the action of the County Commissioners Court nor of the board of equalization,

nor was it his duty to ascertain under what tenure appellant was holding lands exempt from taxation only so long as they remained the property of the several counties to which they were originally granted for school purposes.

Appellant could not have been compelled to pay the illegal tax if he had used the means to prevent its collection which the law gave him, but having paid it to an officer holding process which commanded him to collect it, he can not now look to that officer for reimbursement.

In Hardesty v. Fleming, 57 Texas, 399, it was suggested that a suit might be brought against a tax collector to recover taxes illegally collected if paid under protest, provided suit was brought before the money was paid over by the collecting officer, but the decision of such a question was not necessary, and we are of opinion that, in all cases in which the process under which a collection of a tax is made is in the form prescribed by law and issued by proper authority, the better rule is that the collecting officer is exempt from liability to the taxpayer, who should seek relief from the State, county, or municipality on whose account the tax was collected.

Cases may be found which deny the liability of municipal divisions of a State to refund sums illegally collected as taxes unless suit or other demand be made therefor before the money so collected is applied to municipal purposes, but no such question arises in this case.

The assessor of taxes was also made a defendant, but it is too clear that no liability rests on him to refund the sums collected.

One purpose of the suit, however, seems to have been to restrain the collection of the tax for the year 1887, which the petition shows had been assessed on the lands in question in the same manner as for former years. No temporary injunction was sued out, however, nor is there averment of any fact other than the fact of assessment for 1887 tending to show that such relief would become necessary.

There is no averment that the tax roll containing the particular assessment had been approved, authenticated, or placed in the hands of the collector, nor of any other fact showing such threatened injury as would justify the issuance of a writ of injunction to prevent it.

Finding no error in the judgment, it will be affirmed.

*Affirmed.*

Delivered April 14, 1891.