EDMONDSON, Co. Atty., v. CUM-INGS et al.   (No. 7539.)

(Court of Civil Appeals of Texas.   Galveston.
March 28, 1918.)

1. DISTRICT AND PROSECUTING ATTORNEYS ⬤⇒ 9—SUITS IN BEHALF OF COUNTY.
Neither Vernon's Sayles' Ann. Civ. St. 1914, arts. 366, 368, providing that county or district attorneys could bring actions against officers intrusted with the collection or safekeeping of any public funds, nor any other statute, conferred any right upon a county attorney to bring an action in behalf of a county to restrain the commissioners' court, county judge, and clerk from allowing officers to buy postage stamps out of county funds.

2. COUNTIES ⬤⇒217—SUITS BY COUNTY—WHO MAY SUE.
Where no statute gives county or district attorneys power to sue in behalf of a county, the commissioners' court alone has the right to determine whether a suit shall be brought.

3. INJUNCTION ⬤⇒118(1) — PETITION FOR — DEFINITENESS.
A petition to restrain a commissioners' court from allowing county officials to buy postage stamps from county funds, which did not name officers who were going to buy stamps nor the amount thereof, was too indefinite to warrant granting of an injunction.

4. COUNTIES ⬤⇒206(1, 2) — COMMISSIONERS' COURT—ALLOWANCE OF CLAIMS—NATURE OF DECISIONS.
Allowance of claims by a commissioners' court is a judicial act which cannot be revoked at a subsequent term, nor be collaterally attacked, and can only be revised, if at all, by

appeal or other appropriate proceedings instituted for that purpose.

Appeal from District Court, Austin County; Norman G. Kittrell, Special Judge.

Suit by J. E. Edmondson, as County Attorney, for himself and in behalf of the county, to restrain G. S. Cumings and others, as members of the Commissioners' Court, and the County Clerk of Austin County, from allowing county officials to pay for postage stamps out of the county fund. Judgment for defendants, and plaintiff appeals. Affirmed.

J. E. Edmondson, of Bellville, for appellant. Johnson, Matthaei & Thompson, of Bellville, for appellees.

GRAVES, J.   Appellant J. E. Edmondson, who was county attorney of Austin county, filed this suit in the district court of that county against the county judge and other members of its commissioners' court and its county clerk, alleging that he did so for himself and in behalf of the county, charging that the commissioners' court had formerly allowed, and unless restrained, would in the future continue to allow all the county officers of Austin county to illegally pay for postage stamps used by them in their official and private business out of the county's funds, and praying for an injunction to prevent any further such practice.

The general purport of further averments was that large amounts of money are, in violation of law, yearly paid out of the county's general fund to its officials for postage stamps, which are not named or included in the statute allowing stationery to county officials; that some of these officers have no property subject to execution and their bondsmen are not liable for stamps so furnished them; that neither appellant nor any other taxpayer of the county had any adequate remedy at law to stop or prevent the acts complained of; that the same would be continued, and he and all other taxpaying citizens would suffer irreparable injury, unless the requested injunction were granted. No authority was pleaded or shown for bringing the suit in behalf of the county, no particular officer was named or charged with having used, or being about to so use, any specified sum, nor was there any averment that the action was brought for the benefit of any other taxpayer than appellant.

After a general demurrer, the appellees answered by a number of special exceptions, in substance challenging the sufficiency of the petition, among others, in the following particulars: (a) No authority in the county attorney to bring the suit in behalf of Austin county was shown. (b) No particular county officer was named, nor was it averred that the commissioners' court had in the past approved, or was threatening in the future to approve, such use of any specific

sum of the county's funds for postage stamps. (c) There was no allegation that the action was brought by the appellant for the benefit of himself and other taxpaying citizens of the county.

Upon a hearing, after overruling a plea to its jurisdiction, the court sustained both the general and special demurrers, and entered its judgment refusing any injunction, from which this appeal is prosecuted.

[1, 2] Under the two assignments presented, appellant insists that his petition stated a cause of action, but we have found ourselves unable to agree with him; it seems to be his position, in answer to the first objection pointing out the failure to show authority for attempting to bring the suit in behalf of Austin county, that it was sufficient for him to allege himself to be the duly elected, qualified, and acting county attorney. This, however, was neither a quo warranto proceeding, nor one against any officer intrusted with the collection or safekeeping of any public funds, which might be filed by the county or district attorney, under articles 366 and 368, Vernon's Sayles' Statutes, nor yet one which any other statute conferred the concurrent or exclusive right upon the county attorney to bring; that being so, the commissioners' court alone had the right to determine whether such a suit should be brought in the name and for the benefit of the county. Looscan v. Harris County, 58 Tex. 511.

[3] In the second place, there was no such particularity of pleading as is required in applications for injunction. In this respect it has been often laid down:

" 'The rule of pleading' * * * that the statements of a party are to be taken most strongly against him, is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Land & Cattle Co. v. Board, 80 Tex. 489, 16 S. W. 312; Schlinke v. De Witt County, 145 S. W. 660; Shannon v. Hay, 153 S. W. 360; Weaver v. Emison, 153 S. W. 923.

[4] Measured by the tests given in the cases cited, we think the petition here fell far short of meeting the essential requirements. As our preceding statement has shown, there was no such definite and specific allegation made as that the commissioners' court was then threatening to approve and allow for payment out of the county's funds some particular account in a fixed sum of money, presented to it by a certain named county official for postage stamps used by him in his official and private business, and asking injunctive relief against such impending action; in other words, the petitioner merely

anticipates that the commissioners' court may at some indefinite time in the future commit an illegal act by approving an unstated account for postage stamps, which may be presented to it by some unnamed county officer; while it is plain, we think, under the quoted rule of pleading, that no court of equity would ever be authorized to grant an injunction upon any such nebulous and blanketlike application, in such circumstances, it would especially lack that power over the ordinary exercise of its jurisdiction by such another court as the commissioners' court of Austin county was, for not only has it been held that such a court has well defined judicial functions, but further, that its action in allowing and ordering a claim against the county paid is a judicial act, which can neither be revoked at a subsequent term nor collaterally attacked, but must be revised, if at all, by appeal or other appropriate proceedings instituted for that purpose. Busch & Co. v. Caufield, 135 S. W. 244.

It is apparent that, in our opinion, the trial court did not err in sustaining the demurrers, and its judgment is affirmed.

Affirmed.