**EASTLAND COUNTY v. DAVISSON et al.**
(No. 797–4813.)

Commission of Appeals of Texas, Section B.
Oct. 5, 1927.

**1. Compromise and settlement ⬅︎23(1)—Charge that burden was on county to show that discounts on road contractors' sale of bonds were not paid for by balancing sum owed contractor held erroneous.**

In county's action against road contractors and their surety for lost discounts on contractors' sale of bonds, purchased by them at par and accrued interest, charge that burden was on plaintiff to prove that discounts were not considered and paid for by balancing off equal or greater sum owed one contractor by county *held* erroneous; burden being on defendant to show lawful settlement and manner of payment.

**2. Compromise and settlement ⬅︎23(1)—Burden of proving compromise is on party alleging it throughout trial.**

Burden of proving compromise of matter in controversy is on party alleging it throughout trial, notwithstanding presumption that settlement covers all past transactions.

**3. Appeal and error ⬅︎1031(6)—Erroneous charge is presumed harmful.**

An erroneous charge is presumed to have worked injury, and reversal cannot be denied on ground that error was harmless.

**4. Appeal and error ⬅︎1064(1)—Charge that burden was on county to prove that discounts on contractors' sale of bonds were not paid for by balancing sum owed contractor held prejudicial error.**

In county's action against road contractors and their surety for discounts on contractors' final sale of county bonds purchased by them at par and accrued interest, charge that burden was on plaintiff to show that discounts were not paid for by balancing off sum owed defendant by plaintiff *held* prejudicial error, in absence of evidence establishing payment as matter of law.

**5. Appeal and error ⬅︎1177(8)—County's suit for lost discounts on contractors' sale of bonds remanded for new trial, after reversal of judgment for contractors, where answers to certain issues were precluded by jury's erroneous findings that discounts were paid for.**

County's suit against road contractors for lost discounts on final sale of bonds, purchased by them at par and accrued interest, remanded for new trial on reversal of judgments for defendants, though conclusively shown that discounts were not paid by work done for county as defendants contended, where court submitted other issues, answers to which were precluded, under instructions, by jury's affirmative answers to questions as to payment for discounts.

**6. Appeal and error ⬅︎1177(1)—Supreme Court may remand cause, rather than render final judgment, on reversal, where justice demands.**

On reversal of judgment, Supreme Court has authority to remand cause, rather than render final judgment, where it seems that justice will be better subserved thereby.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by Eastland County against G. A. Davisson and others.  A judgment for defendants was affirmed by the Court of Civil Appeals (290 S. W. 196), and plaintiff brings error.  Reversed and remanded to the district court.

See, also, 277 S. W. 779; 287 S. W. 901.

J. Frank Sparks and Turner, Seaberry & Springer, all of Eastland, Chandler & Chandler, of Stephenville, and G. O. Bateman, of Breckenridge (W. A. Keeling, of Austin, of counsel), for plaintiff in error.

Levy & Evans, of Fort Worth, John T. Suggs, of Denison, and Conner & McRae, of Eastland, for defendants in error.

POWELL, P. J.  This case is fully stated by the Court of Civil Appeals.  See 290 S. W. 196.  We shall not restate the case here at any great length.  Eastland county sued

G. A. Davisson and Saunders Gregg, and their surety, the Southern Surety Company, for the separate sums of $56,160 and $8,000, alleged to be due the county under a road contract between the parties. Under this contract, the Davisson firm was to buy the county's bonds at par and accrued interest, as provided by statute. It also appears that the contractor purchasers then sold the bonds at less than par, placing such proceeds of this latter sale in the county depository to the credit of the county. All of this was in accordance with the terms of the contract. The contractors were to be paid for their work out of such deposit upon proper estimates, etc. However, the county charged the Davisson Company with this lost discount attendant upon the final sale of the bonds on the market; and this suit is an effort to collect a total discount in the aforesaid sum of $64,160. In other words, the Davisson Company, in order to get the work, were apparently willing to lose the discount on the final sale of the bonds.

[1] It is quite clear that the one controlling issue in this case was whether or not the Davisson Company owed this discount. The two controlling issues submitted to the jury in this connection, and their answers thereto, read as follows:

"First special issue: Under the settlement between Eastland county and G. A. Davisson, as evidenced by order No. 3, of date January 2, 1922, with the commissioners' court of Eastland county, was the item of $56,160 representing discount on good road bonds taken into consideration and payment made therefor by balancing off a sum its equal or more, which the county owed the defendant G. A. Davisson? Answer 'Yes' or 'No.' Answer: 'Yes.'

"Second special issue: Under the settlement between Eastland county and G. A. Davisson, as evidenced by order No. 3, of date January 2, 1922, with the commissioners' court of Eastland county, was the item of $8,000, representing discount on good road bonds, taken into consideration and payment made therefor by balancing off a sum its equal or more, which the county owed the defendant G. A. Davisson? Answer 'Yes' or 'No.' Answer: 'Yes.'"

In submitting aforesaid issues, the court charged the jury as follows:

"The burden is upon the plaintiff to establish by a preponderance of the testimony, the negative of issues No. 1 and 2."

The giving of this last-quoted instruction became the basis of the ninth assignment of error in the application, upon which the writ was granted. Said assignment reads as follows:

"The Court of Civil Appeals erred in overruling plaintiff in error's fourth proposition as to the trial court's charge on the burden of proof, as follows: 'The trial court erred in its charge on the burden of proof relative to special issues Nos. 1 and 2.'"

[2] The first proposition under aforesaid assignment of error reads as follows:

"Where a party alleges the existence of an agreement of compromise of the matter in controversy, the burden of proof devolves on him to establish the same; and this burden remains on him throughout the trial, notwithstanding the presumption that a settlement covers all past transactions."

[3] The second proposition under said assignment reads as follows:

"An erroneous charge is presumed to have worked injury, and a reversal cannot be denied on the ground that the error was harmless."

This assignment and the propositions thereunder must be sustained. In this connection, we quote from the "statement" in the application as follows:

"The county sued on a debt. The contractor, in his answer, pleaded in bar of the suit an order of the commissioners' court (order No. 3) in which it was claimed that the debt was settled by balancing off a sum equal to the debt which the county owed the contractor. The order did not so recite. It was sought to show that such was its effect by parol testimony. The jury was asked to find whether or not the county's debt had been so paid and settled."

That this charge of the court, requiring Eastland county to prove that its admitted claim against the Davisson firm had not been paid is erroneous is clear. Davisson owed the money at the time it was charged up against him. That being true, the burden was on him to show that the account had been lawfully settled and the manner of its payment. Otherwise he owed the debt as shown by the records. Justice Littler, in his dissenting opinion, published at the place aforesaid, and also shown on pages 2 and 3 of his opinion accompanying this record, very clearly and ably shows the error in this charge, and we content ourselves by referring to his discussion upon this point.

And the latter justice is also correct in holding that injury is presumed when the court incorrectly instructs the jury as to the law. We so held, on certified questions, in the very recent case of Wichita Valley R. Co. v. Williams (Tex. Com. App.) 288 S. W. 425. Our opinion in that case was adopted by the Supreme Court.

[4] There is nothing in this record to remove this presumptive injury to Eastland county by reason of this erroneous decree. The jury found against its claim. The jurors might have done so, not because Davisson proved he paid the claim, but by reason of the fact that the county did not prove that he had not paid it. The jurors might have felt impelled to answer these questions as they did, under the burden of proof as charged, even though they felt that the amount had not been paid; that is to say, the members of the jury may have felt that, the *county* having failed to discharge its burden in

this respect, there was only one thing left for them to do, and that was to decide this issue against the county.

The only way to say that this error was harmless would be to hold that, as a *matter of law*, the evidence in the case is all one way and shows payment by Davisson. Of course, if that could be said, then the judgments of both lower courts, giving effect to the jury's findings, should be affirmed. But a careful review of this record shows us very clearly that the evidence does not establish payment as a matter of law.

Order No. 3 of the commissioners' court, standing alone, certainly shows no payment of this amount by Davisson. Neither does order No. 37 by the commissioners' court. And order No. 38, which does deal specifically with this very matter, tends strongly to show that this claim of the county had not been lawfully satisfied. Therefore, Davisson was remitted to parol testimony in an effort to show that order No. 3, quoted in the majority opinion of the Court of Civil Appeals, was in settlement of the claim now sued upon. We have read this parol testimony with great care, and, to say the very least of it, it would require a very great amount of liberality to say that the evidence even raises issues Nos. 1 and 2, submitted to the jury as shown herein. The testimony of Davisson himself leads rather strongly to the conclusion that the only way the item sued upon was settled was by the county agreeing to postpone its payment, in view of the facts stated in orders Nos. 3 and 38 by the court. Therefore we do not hesitate to say that we could not hold, as a matter of law, that this amount had been paid.

[5] Therefore the judgments of the lower courts must be reversed. That being true, the only question for our determination is whether or not judgment should be here rendered in favor of the county or the cause remanded for another trial.

Upon this latter point, we have finally reached the conclusion that the most just thing to do is to remand this cause for another trial. Both of the opinions in the Court of Civil Appeals agree upon the point that Eastland county had no lawful right to waive this claim for discount or to surrender it to the Davisson Company as a gratuity. The only way it could be lawfully settled would be by payment of value to the county. The contention of the Davisson Company was that it paid the items in suit by having them offset with its accounts against the county for work done. Of course, the payment could have been made in that way. In fact, this whole contract was based upon work to be done for the county by the Davisson Company. And, as already stated, we are rather thoroughly convinced that the record shows conclusively that this item was not paid by work done for the county. It further appears from the record that this case has been rather fully developed on this point. Therefore, if the Su-

preme Court could render final judgment on the one theory that the county's claim was not offset by payment of money or work done by the Davisson Company, we would be inclined to recommend, not only that the judgments of the lower courts be reversed, but that judgment be rendered here in favor of the county.

However, the court submitted other issues, answers to which were precluded, under his instructions, by the answers which the jury gave to questions 1 and 2. For instance, one of the other issues which was conditionally submitted to the jury was the fifth, reading as follows:

"The evidence shows that about $426,113.45 of road bond money was on August 3, 1921, impounded in the Security State Bank & Trust Company of Eastland, upon its failure, and has never been fully recovered. What amount of profit, if any, would the defendant, G. A. Davisson or the Fleming-Stitzer Road Building Company have made if said money so impounded had been expended by Eastland county under the contract between plaintiff and the Fleming-Stitzer Road Building Company? Answer in dollars and cents, if any."

As already indicated, this issue was not answered by the jury, because the court told them not to do so if they answered the first two special issues as they did. In other words, issue No. 5 became immaterial in view of such answers. But, upon another trial of this case, this issue would very likely become material. Eastland county, under the law, chose its own depository. It required that the proceeds of the sale of these bonds be deposited therein to the credit of the county. It might be held that the failure of the county depository bank, resulting in the impounding of vast sums of money belonging to the county, worked a great hardship upon the road contractors. And, if it should be held that the county was liable for the loss of profits by the contractors, we can perceive no reason why the lost profits should not be offset as against the county's discount claim against the road firm. Since justice would probably be better subserved by a remand of the case in order that this issue might be tried, we have concluded it is better to remand the entire case as between Davisson and the county and give the former a chance to more fully develop the matter of payment or settlement generally, if he can do so.

Again, the defendant Saunders Gregg had retired from the Davisson firm long before this contest arose. He had certain defenses which became immaterial because of the jury's answers to questions 1 and 2. Not only so, but the Southern Surety Company has defenses against the county's claim. These became immaterial likewise. These issues should be tried out.

[6] For the various reasons stated, we feel that it is more just to remand the entire case

for another trial. Upon reversal, the Supreme Court has authority to remand a cause rather than render final judgment, where it seems that justice will be better subserved thereby. See Hanks v. Hamman (Tex. Com. App.) 289 S. W. 993; Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043.

For the reasons stated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for another trial not inconsistent herewith.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.