## ASHBURN BROS. v. EDWARDS COUNTY.

### No. 1639—6066.

Commission of Appeals of Texas, Section A.

March 15, 1933.

J. R. Creighton, of Mineral Wells, and Morriss & Morriss and Reed Cozart, all of San Antonio, for plaintiffs in error.

Stevenson, Baker & Knetsch, of Junction, and Pierce Stevenson, of Austin, for defendant in error.

SHARP, Judge.

Ashburn Bros. filed this suit in the district court of Edwards county for a balance claimed against Edwards county on a road contract. The county answered by plea of res adjudicata and to the jurisdiction of the court on the grounds that the contract had been completed and the road tendered by Ashburn Bros. and accepted by Edwards county; that the commissioners' court had audited and settled the account; that the commissioners' court entered a judgment reciting that the road contract had been complied with, the road accepted, and that Ashburn Bros. were entitled to the sum of $15,-047.74, for which amount voucher was issued and was accepted and cashed by Ashburn Bros.; that from the judgment of the commissioners' court no appeal was made; and the trial court sustained the contentions made by Edwards county and entered judgment accordingly. The Court of Civil Appeals affirmed the judgment of the trial court. 39 S.W.(2d) 945.

It is conceded by plaintiffs in error that there is only one question of law involved in this case, and that is whether or not the judgment of the commissioners' court of Edwards county is binding upon them. They contend that the judgment is not binding upon them, because they did not participate in the hearing of the commissioners' court nor present any estimate or account to that court; that the judgment of the commissioners' court was entered upon the estimate of the county engineer without their knowledge; that the judgment does not recite upon its face that they had notice of the audit or that they were present or participated, nor that the commissioners' court audited the extra items for which they claimed compensation; that under these circumstances they were not bound by the action of the commissioners' court and now estopped from bringing suit therefor in a court of competent jurisdiction.

This record furnishes the following controlling facts: Ashburn Bros., as contractors, executed a contract dated January 16, 1924, with Edwards county, to do certain road work for a certain sum of money; that W. E.

Simpson was the county engineer; that attached to the contract were the specifications as to how the work was to be done; that Edwards county had issued $400,000 in bonds, the proceeds thereof to be set aside and used for the purpose of building the road; that state and federal aid from the highway department in the sum of $73,259.31 had been appropriated as a supplement to the funds set aside by Edwards county to complete the road contract. It is also shown that the contract was completed and that at the August term, A. D. 1925, the commissioners' court met at a regular session for the purpose of auditing and settling the accounts due for this work. As part of the records of that court, and which accompanies the record in this cause, is the final estimate of the work done by Ashburn Bros. and the amount due them, which is $15,247.74. This estimate further recites that this is the amount due on the contract, and further recites that this estimate is certified as correct by W. E. Simpson, county engineer, and is dated 8–10–25. On August 13, 1925, the commissioners' court, among other things, entered the following judgment:

"August 13th, 1925, it appearing to the Court that Highway No. 41, from the town of Rocksprings to the Real County Line, as constructed and completed by Ashburn Brothers has been approved by W. E. Simpson, the County Engineer of Edwards County, and it further appearing to the satisfaction of the Court that said Highway has been constructed and completed in accordance with the plans and specifications, and that the contract for such construction has been fully complied with by Ashburn Bros., it is the order of the Court that said Highway as completed and tendered by said Ashburn Bros., be and the same. is here now in all respects accepted by this court.

"August 13th, 1925.. It is ordered by the Court that Ashburn Bros. be and they are hereby allowed the sum of $15,247.74 as per their Final Estimate, to be paid out of the Special Road Improvement, for work done on Highway No. 41, Job No. 70-B, Federal Aid Project No. 335-A; And it appearing to the court that the said Ashburn Bros. is indebted to Edwards County in the sum of $200.00 for the rental and use of certain machinery belonging to said County, which is to be deducted from said total amount due to Ashburn Bros. and that the Clerk of this court issue to said Ashburn Bros. against said fund for said total amount in two pieces, one for the sum of $15,047.74, and the other piece in the sum of $200.00; and it is further ordered by the court that the County Treasurer of this County be ordered to cancel the scrip in the sum of $200.00 upon the records of her office, and that the other scrip in the sum of $15,047.74, be delivered to the said Ashburn Bros. to be paid to them."

By virtue of the foregoing judgment, the county clerk of Edwards county issued two pieces of scrip, dated August 14, 1925, drawn on the treasurer of Edwards county, payable to Ashburn Bros., one for $15,047.74 and one for $200, the last item to cover a certain sum due the county by Ashburn Bros. for the use of certain machinery belonging to the county. The scrip issued to Ashburn Bros. for the sum of $15,047.74 reads as follows:

"$15,047.74                                    No. 645
"The Treasurer of the County of Edwards,
                          State of Texas.
"Will pay to Ashburn Bros. or bearer the sum of Fifteen Thousand Forty Seven & 74/100 Dollars out of the Special Road Improvement Fund, being the amount allowed by the County Commissioners Court of said County at their August Term, 1925.
"For work on Highway
"Witness my hand and seal of said Court at Rocksprings, this 14th day of August, 1925.
"[Seal.]          S. A. Hough, County Clerk.
"Min. Book 5, Page 310
                   "Fractional See Scrip No. 645
                              "Deputy."

This check was accepted and cashed by Ashburn Bros. without any protest to the commissioners' court that it was not the proper amount due them under the terms of the contract.

It is undisputed that no effort was made to change or modify the judgment entered by the commissioners' court of Edwards county on August 13, 1925, and no appeal was made therefrom. On January 25, 1927, this suit was instituted in the district court to recover the additional amount claimed by reason of extra work done under the contract.

Certain fundamental rules with respect to the powers and duties of the commissioners' court are firmly established both in the Constitution and statutes of this state. Section 1 of article 5 of the Constitution makes the commissioners' court a part of the judicial system of this state. Section 18, art. 5, Constitution, provides that the commissioners' court shall exercise such powers and jurisdiction over all county business as is conferred by the Constitution and the laws of this state. Article 2351, R. S. 1925, defines the powers and duties of the commissioners' court, and subdivision 10 thereof provides that they shall "audit and settle all accounts against the county and direct their payment."

■ It is furthermore undisputed that the contract made by Ashburn Bros. with Edwards county involved the construction of a highway in which the county, state, and federal governments were interested in the work done and the payment to be made therefor. It appears that Ashburn Bros. had complied with the contract, and as the work progressed had been paid installments thereon from time to time. The road was completed in accord-

ance with the terms of the contract and tendered to the county, and the tender was accepted. It logically followed that the time for settlement had arrived and that an audit of the accounts growing out of the contract would be made, and, to attain that end, the commissioners' court, using as a basis the final estimate filed showing the balance due Ashburn Bros., audited the account and entered a judgment in which it was recited that Ashburn Bros. were entitled to the sum of $15,247.74, for which vouchers were issued, as above indicated. Ashburn Bros. accepted and cashed the voucher for $15,047.74 with the minutes of the commissioners' court open to them. It was their duty to ascertain what the records contained.

■ The law conferred upon the commissioners' court of Edwards county the jurisdiction of the business affairs of the county. This includes the power to establish and maintain highways. It was its duty to audit and settle accounts pertaining to the construction of highways in which it was spending money belonging to the county. In this instance the commissioners' court exercised that jurisdiction and duty and audited and settled the accounts of Ashburn Bros. with respect to the road contract and entered judgment accordingly. The rule is well established in this state that an order of the commissioners' court acting judicially in a proceeding in which the court has jurisdiction is a judgment of a court of record and is not subject to collateral attack. It is reviewable only upon an appeal or in a direct action for that purpose. Const. art. 5, § 8; article 1908, R. S. 1925; Oden v. Barbee, 103 Tex. 449, 129 S. W. 602; 11 Tex. Juris. pp. 566, 567, and 568, § 39. But it is contended that the rule announced in the case of Eastland County v. Davisson et al. (Tex. Com. App.) 298 S. W. 268, 270, controls. To this contention we cannot agree. The facts involved in this case are different from the facts involved in that case. In that case the county sued Davisson et al. for a certain item due on a contract. Davisson et al. contended that certain items had been paid; the county contended that they had not been paid. All the courts agreed that Eastland county had no authority to waive its claim against Davisson et al. or to surrender it as a gratuity; that the only way it could be lawfully settled would be by payment of value to the county. It is also stated in that opinion that "the record shows conclusively that this item was not paid by work done for the county." It was also suggested that the judgment should be entered in favor of the county, but, on, account of other matters involved, the case was reversed and remanded. The basic rule controlling the decision in the Eastland County Case, supra, rested upon the proposition that a claim due the county must be scrupulously enforced, and

section 55, art. 3, of the Constitution, prohibits the county from receiving a less sum than is actually due.

■ It will be observed that Ashburn Bros. made no effort to vacate, modify, or change the judgment entered by the commissioners' court, nor was any appeal taken therefrom. They saw fit to accept and cash the check with the recitations therein without a protest. About eighteen months thereafter a suit was filed in the district court for the balance claimed to be due for extra work done by them. No question of fraud on the part of the commissioners' court in rendering the judgment is raised. To permit Ashburn Bros. to accept and cash the check received from Edwards county for the sum of $15,047.74 with the recitations therein, under the circumstances surrounding the issuance of the check, and then afterwards to file an independent suit for the extra items, would be to destroy the verity of judgments rendered by commissioners' courts over matters intrusted to their jurisdiction, and would create a precedent that would result in much confusion and uncertainty in finally closing up road accounts. Such procedure is neither contemplated nor sanctioned by the well-recognized rules of law controlling this subject.

We recommend that the judgments of the Court of Civil Appeals and trial court be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals are affirmed.