## HARDY et al. v. LUBBOCK COUNTY.

### No. 4521.

Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1935.

McWhorter & Howard, of Lubbock, for appellants.

Vaughn E. Wilson, of Lubbock, for appellee.

MARTIN, Justice.

Appellee sued appellant Hardy, former sheriff of Lubbock county, and the surety on his official bond, for $991.30, alleged to be ex officio salary illegally paid Hardy as sheriff by appellee during his tenure of office, in 1931. Judgment was for appellee in the sum of $947.64, being the amount sued for, less a payment of $43.66, more particularly shown hereafter.

The answer of appellant alleged in lengthy detail certain facts intended to show errors in his annual report and his right to the ex officio salary sued for. We do not here consume space to state it further than to say that it sufficiently raised the issues we discuss.

Lubbock county in 1931 had a population of 39,091. The maximum annual fees allowed a sheriff in a county of this population was the sum of $5,500. See articles 3883, 3883a, R.S.1925, and article 3891, as amended by the 41st Legislature 4th Called Session (1930), c. 20, § 3. Of the fees collected, the sheriff had the legal right to retain $3,500, plus the salaries of his deputies and assistants, together with an amount necessary to cover the premium on his surety bond. Over these the commissioners' court had no control. Any amount above these items, said article 3891, as amended, denominates "excess fees." Of these "excess fees" the sheriff was entitled to retain the first $1,250 collected and one-fourth the amount remaining after all the above deductions had been made, until such fees amounted to $5,500. The remaining three-fourths of excess fees is public money and must be paid into the county treasury. Article 3891, as amended. But by article 3899, R.S.1925, such sheriff may deduct therefrom "the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, and other necessary expense." Report must be made monthly, to be audited and allowed by the commissioners' court, etc. By article 3895, R.S.1925, the commissioners' court is "debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter."

It is claimed by appellee that Sheriff Hardy actually received $5,491.30 in fees, plus $1,000 ex officio, making a total of $991.30 in excess of what the law permitted him to receive, and that the county was entitled to recover this sum under the terms of article 6866, and the rule announced in Jeff Davis County v. Davis et al. (Tex. Civ.App.) 192 S.W. 291.

The parties here exhibit book set-ups which completely sustain the respective theory of each.

These we now reproduce.

That for the appellants:

| | |
|---|---|
| Net fees of | $12,785.18 |
| Plus ex officio compensation | 1,000.00 |
| Total | $13,785.18 |
| Deductible expenses for deputy hire, etc. which did not require the approval of the commissioners' court. | $ 5,070.00 |
| That there was additional deductible expenses audited by the county auditor and approved by the commissioners court, of | 3,171.52 |
| Total | $ 8,241.52 |
| Leaving a balance of | $ 5,543.66 |
| Less the maximum allowed by law, of | 5,500.00 |
| Balance Due Lubbock County which was paid. | $ 43.66. |

That for the appellee:

| | | |
|---|---|---|
| Net fees earned and collected | | $12,785.18 |
| Salaries of deputies | $4,995.00 | |
| Premium on official bond | 75.00 | |
| Maximum fees allowed officer article 3883 | 3,500.00 | |
| | $8,570.00 | 8,570.00 |
| Excess Fees (art. 3891) | | $ 4,215.18 |
| Article 3891 additionally provides sheriff shall retain all excess fees until the same amounts to | | 1,250.00 |
| Balance of excess fees remaining after sheriff has retained $4,750.00 | | 2,965.18 |
| Article 3891 additionally provides sheriff shall retain ¼ of this remaining excess fees and ¼ amounts to | | 741.30 |
| Balance of excess fees remaining after sheriff has retained from the net fees earned and collected the total sum of $5,491.30 | | $ 2,223.88 |

Appellee then adds the $1,000 ex officio salary to the total of the fees exhibited in his set up, and deducts $5,500 therefrom, leaving the balance sued for. The last item of $2,223.88 appellee concedes might be and was rightfully used by the sheriff to pay his "actual and necessary expenses" under article 3899, R.S.1925, but denies the right of this or any sheriff in a county of like population the use of any money above the amount remaining of ex-

cess fees for expenses. Stated otherwise, this case was apparently tried below and is presented here upon the theory that the statute allowed Sheriff Hardy for "actual and necessary expenses" only the amount remaining of excess fees after the deductions already mentioned, and that any other and further necessary and actual expenses must be borne personally by the sheriff. The necessary consequence of the application of such theory by the trial court to the present situation was to disallow all of the item of $3,171.52 exhibited as expenses in appellants' set-up and approved by the commissioners' court, over and above the amount of the final balance of excess fees, viz., $2,223.88. The difference between appellants' item of $3,171.52 and appellee's balance of $2,223.88 is the exact amount of the judgment rendered against appellants. It is obvious that the practical effect of appellee's theory is to compel the sheriff of Lubbock county to personally pay all the actual and necessary expenses of his office, except salaries of deputies and assistants, and bond premium, unless he collects enough of excess fees to pay such. We cannot agree with this contention. Appellee mainly relies upon article 3891 as amended, and article 3890, R.S.1925. Neither, in our opinion, sustains him, nor have we found any other that does.

A situation is easily conceived where a sheriff would, under appellee's theory, either operate his office at a personal loss in money or fail the public in the performance of his duty. We will not impute to the Legislature an intent that is so manifestly unfair in the absence of a clear and undoubted mandate of the law to such effect. We find none such. We hold, therefore, that the allowance of other actual, necessary, and lawful expenses by the commissioners' court was not a void act.

■■ This brings us to a consideration of appellee's claim of res judicata. It was shown by secondary evidence, without objection, that monthly reports of all expenses under article 3899, R.S.1925, were properly filed, audited, and allowed. These go to make up the aggregate of the item of $3,171.52 shown above in appellants' book set-up. It is our opinion that a judgment of the commissioners' court allowing any item as "actual and necessary expenses" amounts in law to a judicial ascertainment of such fact, conclusive here against collateral attack, if such court had jurisdiction. Jeff Davis County v. Davis (Tex. Civ.App.) 192 S.W. 291 (writ refused); Fry v. State, 86 Tex.Cr.R. 73, 215 S.W. 560; Ashburn Bros. v. Edwards County (Tex.Com.App.) 58 S.W.(2d) 71; Polk v. Roebuck (Tex.Civ.App.) 184 S.W. 513; Edmonson v. Cumings (Tex.Civ.App.) 203 S.W. 428. If any item so allowed could not under any circumstances have been a proper charge against the county, the commissioners' court was without jurisdiction to allow same, and its action in so doing may be attacked collaterally. Jeff Davis County v. Davis, supra. These monthly reports were not introduced. The items allowed as "actual and necessary expenses" do not appear in detail. It was conceded in oral argument, and is suggested on the face of this record, that some of these were perhaps improper and the court without authority to allow them. Before it can be ascertained what amount, if any, the sheriff illegally collected as ex officio salary, a correct balance must be struck. This we feel unwilling to attempt in the present state of the record. We think justice will be better served by reversing and remanding, rather than a reversal and rendition. The case was tried below upon an erroneous theory. There is no evidence in our opinion of bad faith on the part of anybody shown by this record. It ought to be easy to ascertain what, if any, items of expense the court was without jurisdiction to allow and to eliminate these. The balance, if any, can then be struck, which will constitute the amount of ex officio salary, if any, illegally retained by the sheriff in excess of his maximum allowance of $5,500.

Judgment reversed and cause remanded.