### STILES et al. v. STIEREN.
### No. 10487.

Court of Civil Appeals of Texas. San Antonio.

Nov. 2, 1938.

Neil E. Beaton and W. C. Douglas, both of San Antonio, for appellant.

Thomas H. Ward, of Laredo, for appellee.

SLATTON, Justice.

L. W. Stieren instituted this action in the 49th Judicial District Court of Webb County, Texas, against David M. Stiles and George W. Johnson. It was alleged that Benavides and wife were the owners of described real estate situated in Webb and Zapata Counties and executed and delivered a deed of trust upon said land to secure the payment of a promissory note in the principal sum of $5,000 payable semi-annually, on the amortization plan; that on or about the 5th day of March, 1937, said mortgagors being delinquent in the payment of certain amortization installments, said Johnson, at the mortgagors' request, paid said sum to the land bank, and the land bank transferred to Johnson the note and lien securing its payment; that under the provisions of said deed of trust, upon default in the payment by the mortgagors the assignee of the bank had the right to sell said land in satisfaction of the defaulted installment. It was alleged that L. W. Stieren, subsequent to the acquisition of the interest above described by Johnson, acquired valuable mineral rights in and to said land from said mortgagors; that the trustee named in the deed of trust had declined, in writing, to execute the trust as provided in the assignment given to Johnson, and that David M. Stiles, by virtue of his appointment as substitute trustee, had advertised and was offering the land for sale on the 7th day of June, 1938, at the respective court house doors in Webb and Zapata Counties. Stieren further alleged that if the sale were permitted to be consummated, his valuable mineral rights would be cancelled, and that he had endeavored to pay said Johnson the amount of his indebtedness as assigned to him by the Federal Land Bank, but that Johnson had refused to accept payment. He further alleged the delivery to Johnson's attorney of a cashier's check for the full amount of said installment, together with interest and attorney's fees, and tendered said amount into the registry of the court. His mineral rights were alleged to be worth the sum of $10,000, and that he had no adequate remedy at law, and that he would suffer irreparable damage in the sum equal to the value of said mineral estate. His prayer was for writ of injunction restraining the said Johnson and Stiles from selling or further offering for sale the property, and that said par-

ties be cited to appear and answer, and upon final hearing he have judgment against said parties requiring and commanding them to accept payment of their debt, and to transfer to him the lien against the land.

The trial court, in vacation, on the 4th day of June, 1938, issued a writ of injunction as prayed for in the petition. Johnson prosecutes this appeal.

The first contention is that the trial court erred in granting the temporary injunction, for the reason that the parties plaintiff and defendant were alleged to be residents of Bexar County, and the cause of action being solely for injunctive relief; under Article 4656, R.C.S. 1925, it is provided that such actions "shall be returnable to and tried in the district * * court of the county in which such party has his domicile * * *." On the other hand, it is contended by the appellee that his cause of action as disclosed by his verified pleading is in the nature of a bill in equity for redemption and is governed by other applicable provisions of our venue statutes.

As the action of the trial court must be reversed upon other grounds we deem it unnecessary to decide these questions.

It is next contended by the appellant that the trial court erred in granting the temporary injunction upon the verified pleadings of appellee for the reason that in stating his grounds therefor they were the conclusions of the pleader, and on account of his failure to allege specific facts showing inadequacy of his legal remedy. It is true that appellee alleged that if the sale were permitted to be consummated that he would lose his mineral rights of the value of $10,000, and that he had no adequate legal remedy. He did not allege that Johnson was insolvent and could not respond in damages. In the case of Kampmann et al. v. Stappenbeck et al., 45 S.W.2d 761, this Court said [page 762]: "'The bill for equitable relief cannot be based upon broad conclusions or indefinite assertions as to sustaining irreparable injury and as to having no adequate remedy at law, but facts showing these matters must be clearly and fully pleaded so that the chancellor and not the pleader can draw the conclusions. Not only should affirmative facts be pleaded, but the bill should negative all probable matters that might prevent relief. Lark v. Coyle (Tex.Civ.App.) 260 S.W. 1107; As-

phalt Railway Co. v. Asphalt Co. (Tex. Civ.App.) 256 S.W. 675; [Continental Land &] Cattle Co. v. Board, 80 Tex. 489, 16 S.W. 312. No presumption can be indulged in regard to the allegations, but their sufficiency must be judged in the light of the allegations rigorously construed. Ross v. Veltmann (Tex.Civ.App.) 161 S.W. 1073, Holbein v. De La Garza, 59 Tex.Civ.App. 125, 126 S.W. 42."

Other questions are presented by the appellant, but in view of our previous ruling we will not discuss them.

The decree entered by the trial court granting the temporary injunction will be here reversed and the cause remanded to the trial court. The costs of this appeal will be adjudged against appellee.