

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6897
Re: Proper disposition to be made
by tax collector of current and
delinquent ad valorem taxes
paid under protest on the same
piece of property.

You have requested the advice of this department
in your letter of October 20th, which is as follows:

"The Tax Collector of Brewster County has
received a payment for both current and delin-
quent ad valorem taxes on the same piece of prop-
erty by a tax payer under protest and has writ-
ten this department asking for advice as to the
proper course for him to take in disposing of the
money paid to him under protest.

"Since the protest statute providing for the
disposition of moneys paid under protest applies
to State officials, I shall thank you to advise
me the correct reply to make to the Tax Collect-
or of Brewster County in this instance."

There are only two "suspense" or protest statutes
which have been enacted by the Legislature of the State of
Texas, being Article 7057b, V.A.C.S., and Article 4388,
V.A.C.S.

Article 7057b is in part as follows:

"Sec. 1. Any person, firm or corporation
who may be required to pay to the head of any de-
partment of the State Government any occupation,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

gross receipt, franchise, license or other priv-
ilege tax or fee, ..." (Emphasis ours)

Article 4388 is in part as follows:

"The State Treasurer shall receive daily
from the head of each Department, each of whom
is specifically charged with the duty of making
same daily, a detailed list of all persons re-
mitting money the status of which is undetermined
or which is awaiting the time when it can final-
ly be taken into the Treasury, ..." (Emphasis
ours)

Article 7057b, supra, would not be applicable to
the tax collector of Brewster County for two reasons:  (a)
he is not the head of any department of the State Govern-
ment, and (b) the tax in question is an ad valorem tax and
does not fall within the named classifications in the stat-
ute.

Article 4388 which describes the duty of the State
Treasury in handling suspense accounts, would not be appli-
cable for the reason that the tax collector of Brewster Coun-
ty, being a county officer, is not the head of a department
of the State of Texas.  It is true that the county tax col-
lector is a State officer to the extent that the Legislature
of the State of Texas has delegated power and authority to
him in his capacity as county tax collector to collect taxes,
license fees, etc., due the State of Texas from the taxpayer,
and remit such taxes, fees, etc., to the respective heads of
the departments after they have been collected.  Hence, in
the absence of any legislative authority, and there is none,
the tax collector of Brewster County is without authority
to keep the taxes mentioned in your letter in any suspense
fund, but on the contrary, it is his duty to remit such taxes
when collected by him to the proper authorities under the
provisions of Articles 7260 and 7261, R.C.S., 1925.

By complying with the terms of Article 7260 and
7261, supra, the tax collector of Brewster County would in-
cur no personal liability since this very issue was decided
by the Supreme Court of Texas in the case of Continental Land
and Cattle Company v. Board, Tax Collector, et al., 80 Tex.
489, 16 S.W. 312, wherein Judge Stayton held in part as fol-
lows:

Honorable George H. Sheppard, page 3

"... The rule upon this subject is thus
clearly stated: 'In general, any officer whose
duties are merely ministerial, and to whom pro-
cess is issued which is apparently in due form
of law, and which neither in its recitals nor
in its omissions apprises him that it is issued
without legal right, will be protected in serv-
ing it, even though in fact it was issued with-
out authority of law. This is a rule not only
essential to the protection of such officers,
but absolutely required also for the due dis-
patch of public business. ... Appellant could
not have been compelled to pay the illegal tax
if he had used the means to prevent its collec-
tion which the law gave him, but, having paid
it to an officer holding process which command-
ed him to collect it, he cannot now look to
that officer for reimbursement. ..."

The doctrine above enunciated has been affirmed
in the case of Texas Land and Cattle Company v. Hemphill
County (Civ. App.), 61 S.W. 333, the court held in part as
follows:

"... This limitation, however, and which
is here urged, seems to have been expressly re-
pudiated by the Board Case, as will be seen from
the criticism therein made of the case of Hardes-
ty v. Fleming, 57 Tex. 399; to which might be
added that, after the collection, the collector
is required by the law, under penalties, to make
collection, and promptly report and remit all
taxes collected by him to the state and county
treasurers, without excepting cases in which
suits, however promptly filed, may be institut-
ed for the recovery thereof. ..."

Hence the tax collector of Brewster County may be
advised that it is his duty to remit the taxes collected by
him to the proper authorities under Articles 7260 and 7261,
supra, and that he will not incur any personal liability by
so doing.

Since the nature of the protest made by the tax-
payer at the time of the payment of the taxes in question

is not given, this opinion does not pass upon the question as to whether or not such payment was voluntary or involuntary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By C. K. Richards

C. K. Richards
Assistant

CKR:db

APPROVED OCT 29 1945

FIRST ASSISTANT
ATTORNEY GENERAL

