### MARTIN et ux. v. BENTSEN et al.
### No. 12179.

Court of Civil Appeals of Texas.
San Antonio.
July 26, 1950.

Rehearing Denied Aug. 30, 1950.

Rankin, Kilgore & Cherry, Edinburg, for appellants.

Hill, Lochridge & King, Mission, for appellees.

BROETER, Justice.

The nature of this appeal is disclosed by the following statement found in appellants' brief, to which has been added certain additional statements suggested by appellees in their brief:

"This is a suit for rescission and cancellation of a real estate transaction involving an exchange of property and the execution of deed of trust promissory notes. Appellants allege fraud and deceit and fraudulent misrepresentation made to induce them to enter into such exchange and to execute said notes and that they relied upon such fraudulent misrepresentations in entering into such transaction and in executing said notes. Appellants sued in the alternative for damages for fraud and deceit. In aid of their suit for cancellation and rescission the appellants applied to the District Court for a temporary restraining order and a temporary injunction to enjoin the sale of the real estate and the transfer, assignment or negotiation of the promissory notes, and to preserve the status quo of the title to the real estate and of

the promissory notes and of the parties to said suit for rescission and cancellation pending a trial of the cause on its merits.

"Temporary restraining order was granted on June 5, 1950, the day the suit was filed. On the same date lis pendens notice was filed in the office of the County Clerk of Hidalgo County, Texas, and on June 6th lis pendens notice was filed in the office of the County Clerk of Willacy County, Texas, the various tracts of land described in plaintiffs' petition being located in both Hidalgo and Willacy County, Texas. The Court after a hearing on application for temporary injunction and on defendants' motion to dissolve the temporary restraining order, dissolved the temporary restraining order and refused to grant a temporary injunction, basing his refusal on grounds which he set forth in recitals contained in the judgment.

"Appellants then applied to the Court for a temporary injunction pending the appeal to this Court of Civil Appeals and requested permission to file a supersedeas bond in connection with such application for temporary injunction pending the appeal. The Court refused to grant the injunction pending appeal and refused permission to file a supersedeas bond. This appeal was perfected from the judgment and order of the Court refusing a temporary injunction."

The addition to the above statement, as suggested by appellees, is that, "Appellants did not allege fraud in the execution of the $5,000.00 note made to appellees, and that appellants did allege receipt of $5,000.00 in money as the consideration for the $5,000.00 note."

The hearing was had before the trial judge without a jury on appellants' sworn petition and appellees' sworn answer denying the existence of fraud or misrepresentation, and on appellants' admission that notice of lis pendens had been filed for record on June 5th, 1950, as to all real property involved in this suit.

We do not believe the trial court erred in refusing the temporary injunction. Among other findings, the trial court in the judgment rendered recited the following:

"The temporary restraining order was granted to maintain the status quo of the exchange in question pending the suit for rescission, particularly restraining the Trustee, G. F. Dohrn, from foreclosing the Deed of Trust given by the Plaintiffs in favor of the Defendants on the properties received by them in the exchange securing $41,600.00. However, the foreclosure was not restrained because such order was not timely served. The now status of the properties is not the status quo ante. The temporary injunction must rest on the petition which described the situation prior to the foreclosure. The changed condition is not before the Court. Whether a rescission is now proper does not appear, and, hence, an injunction, as sought, is not tenable.

"As to the $5,000.00 note of Plaintiffs due in 1958; The money evidenced by this note was received by the Plaintiffs. Should a rescission be granted, this money would be refunded, and the note surrendered. Should the note, meantime, be negotiated, then Plaintiff would pay the holder, rather than the Defendants, and then be entitled to a surrender of their note. We perceive no hurt from this angle of the case to either party, in the rescission suit."

We do not find anything in the record which would warrant us in concluding that the trial court abused his discretion in denying the appellants the injunctive relief sought. The law is well established that granting or denying injunctive relief is within the sound discretion of the trial court. His exercise of discretion will be disturbed on appeal only if it be apparent that there was an abuse of discretion. Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642; Moffitt v. Lloyd, Tex. Civ.App., 98 S.W.2d 860. "While the discretion of the trial judge may be reviewed, discretion may not be exercised by the appellate court." 24 Tex.Jur. 315, § 253.

The appellants on this hearing admitted the filing for record of lis pendens notice. The pleadings in this case do not in our opinion allege that irreparable injury will result to appellants unless the injunction be granted, and no facts are alleged that negative the existence of an adequate legal

remedy. Kampmann v. Stappenbeck, Tex. Civ.App., 45 S.W.2d 761 (writ dismissed); 24 Tex.Jur. pp. 221, 226; Stiles v. Stieren, Tex.Civ.App., 121 S.W.2d 391.

There is no merit·in any other contentions made by appellants. The judgment of the trial court is affirmed.