## ASHBURN BROS. v. EDWARDS COUNTY.
### No. 8584.

Court of Civil Appeals of Texas. San Antonio.
April 22, 1931.

Rehearing Denied June 24, 1931.

J. R. Creighton, of Mineral Wells, and Morriss & Morriss, of San Antonio, for appellants.

Stevenson, Baker & Knetsch, of Junction, and T. A. Williams, of Rock Springs, for appellee.

COBBS, J.

Appellants, G. F. and L. M. Ashburn, sued appellee, Edwards county, for a balance claimed as owing on a road construction contract. The county answered by a plea termed a plea of res adjudicata and to the jurisdiction on the ground that the commissioners' court had audited and settled the account adversely to appellants under article 2351, subd. 10, Revised Statutes, from which judgment of the court appellants did not appeal.

Appellants by sufficient verified supplemental pleading generally and specially denied that the matters and things in the alleged controversy were litigated or settled by the proceeding of the commissioners' court. On hearing on the pleadings the trial court sustained the plea to the jurisdiction and dismissed the cause.

As we believe the bill of exceptions substantially contains all the material facts, we copy it here as follows:

"Be it remembered that on the trial of the above cause there having come on to be heard preliminary to the hearing on the merits the plea of the defendant, Edwards County to the jurisdiction of this Court, and the Court having taken up for consideration such Plea to the jurisdiction in advance of the hearing of the cause upon its merits, the plaintiffs thereupon objected to the consideration of said plea, denominated plea to the jurisdiction, in advance of the hearing on the merits, contending that said plea is not in fact a plea in abatement, but a plea in bar; whereas, this cause is on the jury docket and plaintiffs have regularly demanded a trial by a jury and paid the jury fee and the cause has been placed upon the jury docket, and a jury is present and available and ready to hear said cause, and plaintiffs have heretofore, by a pleading duly filed herein, replied to said plea to the jurisdiction by a first supplemental petition and a sworn plea; and plaintiffs thereupon requested of the court that they be permitted to put on oral testimony of the plaintiffs, and tendered one of the plaintiffs, Geo. H. Ashburn, as a witness who would have testified in effect that neither of the plaintiffs were in fact before the Commissioners' Court of Edwards County at the time of the entry of the order of date August 13, A. D. 1925, set out in defendant's said plea to the jurisdiction, but that they were absent therefrom and were not represented thereat, and had filed no account and no claim before said Commissioners' Court at said time, and did not know of the entry of said order of the Commissioners' Court, nor that the same was to be entered at such time, and that in truth and in fact the several matters and items sued on herein by plaintiffs, had never been presented to the said Commissioners' Court at that time, and were not presented to nor considered by the Court, at that time, but that said Order of the Commissioners' Court was entered merely, on an estimate presented to said Court by W. E. Simpson, the County Engineer of Edwards County, in the employ of and representing Edwards County at said time; and the plaintiffs did not know of and had not seen said alleged estimate prior to, nor at the time of the entry of said order of August 13, 1925; but on the contrary were absent during all of said proceedings and not parties thereto, nor in any manner represented thereat, nor cognizant thereof; and that at the time they received and took and cashed and got the proceeds of the voucher of August 14, 1925, mentioned in said order, they received same from the Treasurer of Edwards County as and believing it to be a payment on account of a balance owing them under their contract in question, and without knowing or believing that it was intended to be or was, if it was so, a payment or pretended payment in full of the balance owing the plaintiffs; and after they had advised with and had the advice of counsel, to-wit: Honorable A. E. Aiken, an attorney of Rocksprings, Texas, that they might safely and legally accept such payment and such voucher as a payment on account of their contract, and not in final settlement; and that in truth and in fact such voucher does not state, and it does not appear therefrom that same is or was expected to be or tendered as a payment in full of the balance owing them on their contract, and that they received and cashed said voucher believing it to be only on account and not in final payment, nor or any impairment of their right to final and further payment as claimed by them for the claims herein sued on.

"But the Court being of the opinion that the Order of August 13, A. D. 1925, is conclusive against the plaintiffs, and that the evidence tendered is not admissible, rejected and excluded all such evidence and tender of evidence and tender of issue by the plaintiffs, and rendered judgment for the defendant on the said pleading of defendant as a matter of law, to which ruling the plaintiffs, Ashburn Brothers, then and there in open court excepted and now here tender this their Bill of Exceptions thereto, and ask that same be allowed and ordered filed as a part of the record herein, which is accordingly done.

"C. R. Sutton, Judge Presiding."

The commissioners' court, under said article, and none other, had the sole and only jurisdiction to pass upon a claim made by appellants growing out of the public road which was constructed.

■■ The facts show that the commissioners' court adjusted the claim and allowed appellants the sum of $15,047.74, and delivered its voucher to appellants therefor, in settlement of their claim growing out of the road contract, and charged appellants with $200, which was a counterclaim for the rental and use of certain machinery belonging to appellee. Appellants cashed the warrant for $15,047.74. Neither of the appellants nor any agent for them was before the court at the time and place when the judgment was entered. Of course, under the authorities relevant to the issues made and presented this is a collateral attack on the judgment. Subdivision 10 of article 2351 gives the commissioners' court the sole and exclusive power to "audit and settle all accounts against the county and direct their payment." That is to "audit and settle" such accounts without exception. As the exclusive power is given to the commissioners' court to "settle all accounts against the County," the claimant must first seek that court. If the party is not satisfied with the judgment he has his remedy by appeal. This was not done here, and appellants have for the present, so far as this proceeding is affected or concerned, lost their remedy. This question is fully settled and disposed of in August A. Busch & Co. v. Caufield (Tex. Civ. App.) 135 S. W. 244; Edmonson v. Cumings (Tex. Civ. App.) 203 S. W. 428.

■ While the statute provides no method or practice concerning appeals, there is nothing difficult about it. Where a judgment is rendered against a party, whether he is present at the time or not, his remedy is by appeal to the district court for a trial de novo.

■ It is well settled that the judgment of the commissioners' court upon any claim presented against the county, and acted upon by that court and disposed of by it, becomes the judgment of the court and must remain so until disposed of by the true court. That being so, the judgment is final and must stand, and is not subject to collateral attack.

The judgment of the trial court is affirmed.