JENSEN CONSTRUCTION COMPANY D/B/A Jensen Construction of Texas and Concrete Textures, Inc. F/K/A Jensen Paving Company, Appellants

v.

DALLAS COUNTY, Appellee.

No. 05-94-01850-CV.

Court of Appeals of Texas, Dallas.

Feb. 27, 1996.

Paul E. Ridley, Wolin, Fuller, Ridley & Miller, Dallas, for appellants.

William B. Short, Jr., Mark H. How, Short How Lozano Frels & Tredoux, L.L.P., Dallas, and Gerard V. D'Alessio, Jr., Assistant District Attorney–Civil Section, Dallas, for appellee.

Before MORRIS, WHITTINGTON and JAMES, JJ.

## OPINION

JAMES, Justice.

Jensen Construction Company, d/b/a Jensen Construction Company of Texas (Jensen), and Concrete Textures, Inc. f/k/a Jensen Paving Company (CTI)[1] appeal from two summary judgments granted in favor of Dallas County (the County) and from the order *denying their motion for partial summary judgment*. In eleven points of error, appellants complain generally that the trial court erred by: (1) granting summary judgment for the County; (2) denying appellants' cross-motion for partial summary judgment; (3) overruling appellants' motion to strike the County's affidavits; and (4) denying appellants attorney's fees. In two cross-points of error, the County complains that the trial court erred by: (1) overruling the County's motion to strike the affidavits in support of appellants' response to the County's second motion for summary judgment; and (2) refusing to grant the County attorney's fees. Because each of the County's grounds presented to the trial court are insufficient to support summary judgment, we reverse the trial court's judgment and remand to the trial court for further proceedings. Because appellants' points of error complaining of the denial of their cross-motion for summary judgment would not dispose of the entire case we do not address them.

1. For convenience, we will refer to Jensen and CTI collectively as "appellants."

## FACTUAL AND PROCEDURAL BACKGROUND

In December 1987, Jensen and the County contracted for Jensen to construct paving and drainage improvements on a section of a street in Dallas. Jensen Paving, a division of Jensen Construction Company, began work on the project. After Jensen began construction, the County notified Jensen that the concrete had failed strength tests.[2] The County ordered Jensen to stop construction. After retesting the concrete strength, the County allowed Jensen to resume construction.

In October 1988, Jensen separately incorporated Jensen Paving division as Jensen Paving Company. Jensen Paving Company continued to perform the work on the project until it completed the project in January 1990. Jensen Paving Company changed its name to Concrete Textures, Inc. (CTI) in 1990.

The County paid Jensen a total of $6,288,-488.97 for the project, which included an early completion bonus.[3] The parties agree that Jensen completed and the County paid for the work required by the terms, plans, and specifications of the contract. After the County paid for the work, Jensen sent a claim to the Dallas County Commissioners Court for damages resulting from the County's alleged breaches of the contract.[4] Jensen claimed that the County required Jensen to provide extra materials and to perform work outside the scope of the contract. Jensen also claimed that it incurred additional costs as the result of interference by the County. After submitting its claim to the commissioners court, but before any response from the County, Jensen filed suit alleging breach of contract. The trial court granted summary judgment for the County,

and the trial court dismissed Jensen's suit for failure to: (1) properly present its claim to the commissioners court; and (2) verify by affidavit the correctness of its claim. Jensen appealed. The County then informed Jensen that it had denied the claim for damages. Jensen again filed suit. The trial court granted summary judgment on the basis that the breach of contract action was barred by limitations and res judicata. Jensen appealed the dismissal of the second suit. The two appeals were argued together in this Court. In two unpublished opinions, we reversed and remanded each to the trial court. The two suits were consolidated on remand.

After remand, the County filed a motion for summary judgment against Jensen on the following grounds: (1) sovereign immunity; (2) Jensen was not entitled to delay damages as a matter of law; (3) Jensen failed to comply with contract provisions regarding obtaining payment for extra work; and (4) Jensen was not the entity that performed all of the work under the contract.[5]

Jensen then filed its first amended petition adding quantum meruit claims and adding CTI as a party. The trial court granted partial summary judgment on the County's first motion for summary judgment. The trial court did not specify the ground or grounds upon which it relied. The judgment did not dispose of the quantum meruit claims, attorney's fees, or CTI's claims.

The County filed a second motion for summary judgment on the following grounds: (1) sovereign immunity barred the quantum meruit claims; (2) the trial court lacked original jurisdiction over Jensen's claims; (3) the damages claimed by Jensen fell within the scope of the contract and were, therefore, not recoverable under a quantum meruit theory;

2. The County contracted with AT Laboratories, Inc. (ATL) to provide material testing services in connection with the project. After litigation began, the County filed a third party action for contribution and indemnity against ATL. ATL did not appear. The trial court granted a default judgment against ATL. ATL does not appeal from the final judgment.

3. The original contract amount was modified during the course of performance by five "change orders" issued by the County either increasing or decreasing the contract amount on

five separate occasions, resulting in a net increase of $159,438.82. The County also approved requests for time extensions in the total amount of sixty-three days.

4. The County did not pay the final $25,000 of the contract amount until August 1994.

5. For convenience we will refer to the first motion for summary judgment filed after remand as the "first motion for summary judgment."

(4) the County's project engineer had absolute and binding authority to determine the scope of the contract; (5) CTI's claims were barred by limitations; and (6) Jensen was not entitled to attorney's fees because the County is not an individual or a corporation.

Appellants filed a motion for partial summary judgment on the same day, on the following grounds: (1) the trial court had original, not appellate, jurisdiction over this controversy; (2) Jensen was entitled to pursue its quantum meruit claims; (3) Jensen was entitled to attorney's fees; (4) the County's contractual defenses did not apply to the quantum meruit claims; (5) Jensen had not released its claims against the County, nor had the County made payment on the claims; (6) the County was liable for damages caused by the conduct of ATL; and (7) the County could not recover its attorney's fees under the Uniform Declaratory Judgments Act.

The trial court granted the County's second motion for summary judgment except for the County's claim for attorneys' fees. The trial court did not specify the ground or grounds upon which it granted summary judgment. The trial court denied Jensen's cross-motion for partial summary judgment.

## SUMMARY JUDGMENT

### Standard of Review

■ The function of summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). In reviewing a summary judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ To prevail on a summary judgment, a defendant as movant, must either: (1) disprove at least one element of the plaintiff's theory of recovery; or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory,* 835 S.W.2d 668, 671 (Tex.App.—Dallas 1992, writ denied). An issue is conclusively established if ordinary minds cannot differ about the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

■ In a summary judgment case, the question on appeal is whether the summary judgment proof establishes, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). When the motion for summary judgment alleges more than one basis of support, and the order granting the motion is silent about the reason for granting the motion, the appellant must show that each independent ground alleged in the motion is insufficient to support summary judgment. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

### Denial of Summary Judgment

■ Generally, an order denying a summary judgment is not appealable because it is an interlocutory order. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). However, an exception exists when both parties move for summary judgment on the entire case, and the court grants one of the motions and overrules the other. *See Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex.1984); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Utica Nat'l Ins. Co. v. Fidelity & Casualty Co.,* 812 S.W.2d 656, 658 (Tex.App.—Dallas 1991, writ denied). We may review denial of such a "cross-motion" only when the motion entitles the court to finally resolve the *entire* case, including rendition of the appropriate judgment. This

Court may not review the denial of a partial summary judgment which is not otherwise subject to appellate review. *See Rice v. English,* 742 S.W.2d 439, 446 (Tex.App.—Tyler 1987, writ denied) (op. on reh'g).

■ In point of error eight, appellants contend the trial court erred by denying their cross-motion for partial summary judgment because the County executed an agreement expressly providing that appellants' acceptance of payment did not waive their claims. In point of error nine, appellants contend that the trial court erred in denying their cross-motion for partial summary judgment on the issue of the County's liability for relying on faulty testing by ATL. Resolution of these issues would not allow this Court to resolve the entire case or to render judgment. We conclude points of error eight and nine are not subject to review in this summary judgment case. *Rice,* 742 S.W.2d at 446.

### Summary Judgment Evidence

■ Summary judgment evidence, whether offered through depositions, affidavits, or interrogatories, must be in a form that would be admissible in a conventional trial proceeding. *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971).

■ A summary judgment may be based on the opinion of an interested expert if the subject matter is such that a trier of fact would be guided solely by the opinion testimony of experts, and the evidence is: (1) clear, positive, and direct; (2) free from contradictions and inconsistencies; and (3) could have been readily controverted. *See* Tex. R.Civ.P. 166a(c); *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991).

■ If an interested expert witness presents legally sufficient evidence in support of a motion for summary judgment, the opposing party must produce other expert testimony to controvert the claims. Generally, lay testimony is insufficient to refute an expert's testimony. *Anderson,* 808 S.W.2d at 55. An expert's opinion is conclusory and will not support summary judgment if it does not contain the basis or reasoning for the opinion. *See Anderson,* 808 S.W.2d at 55.

### 1. The Griffin Affidavit

■ In point of error ten, appellants contend that the trial court erred by not striking the second affidavit of Irvin S. Griffin. Appellants argue that the affidavit violates the best evidence rule and contains legal conclusions. The County responds that Griffin, as the project engineer, is qualified as an expert to give his opinion about the scope and meaning of the terms of the contract and about the 1982 Standard Specifications for the Texas Highway Department (the standard specifications) which were incorporated by reference into the contract.[6]

■ The best evidence rule requires the original writing only when the evidence is to prove the *contents* of the original writing. *Harris v. Varo, Inc.,* 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ). Appellants complain of paragraphs five through thirteen of the affidavit. These paragraphs contain testimony by Griffin concerning whether the damages complained of by appellants were addressed by the terms of the contract. Griffin addresses each of the claims for extra work and explains which portion of the contract or standard specifications covered the claims. Griffin explains the contract and its relationship to the complained of damages; however, he does not attempt to prove the contents of the contract. The best evidence rule does not prevent consideration of the second Griffin affidavit.

■ Appellants also complain that the second Griffin affidavit contains "merely

---

6. We recognize that generally courts construe unambiguous contracts as a matter of law. *See General Devices, Inc. v. Bacon,* 888 S.W.2d 497, 502 (Tex.App.—Dallas 1994, writ denied). However, when a contract requires performance to be to the satisfaction of the engineer, expert testimony may be necessary to determine if the work required by the engineer was reasonably within the scope of the contract. *See Black Lake Pipe Line Co. v. Union Constr. Co.,* 538 S.W.2d 80, 88–89 (Tex.1976), *overruled on other grounds by Sterner v. Marathon Oil Co.,* 767 S.W.2d 686 (Tex. 1989). The contract provides that the work will be done under the supervision of the engineer, to his satisfaction, and he will interpret the plans and specifications. Therefore, Griffin, as the project engineer is allowed to give his opinion regarding the scope of the contract.

Griffin's legal conclusions about what was or was not covered by the contract." However, Griffin sets out his qualifications, describes the services he performed, specifically addresses each of the claims for extra work, and details the provisions of the contract or of the standard specifications that covered the claims. The affidavit does not contain mere conclusions; it provides the factual basis and reasoning for Griffin's opinion. Therefore, we conclude Griffin's second affidavit meets the requirements of rule 166a(c). We overrule point of error ten.

### 2. The Sidler and Swanda Affidavits

In cross-point of error one, the County contends that the testimony contained in the Thomas R. Sidler and Larry L. Swanda affidavits is inadmissible for summary judgment purposes. In its brief, however, the County merely asserts that the objections to the Sidler and Swanda affidavits are "lengthy and do not bear repetition." The County fails to specify any complaint on appeal and instead directs this Court to the eight pages in the transcript containing the objections lodged in the trial court. The County continues: "suffice it to say that the objections are in the main directed to the fact that the majority of the testimony of Swanda and Sidler is based entirely upon hearsay and impermissible factual conclusions which are otherwise unsupported by admissible summary judgment evidence." A general directive to review affidavits for hearsay and impermissible factual conclusions is not sufficient to direct our attention to the error about which complaint is made. *See* Tex. R.App.P. 74(d); *see also Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 887 (Tex.App.—Austin 1989, writ denied) (where blanket statements gave court no guidance or assistance in determining error or harm, court need not address the point of error). An appellant bears the burden of discussing its assertion of error and pointing the appellate court to the portions of the record that support a complaint. *Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Although we acknowledge that numerous complaints were lodged in the trial court, the County alleged no specific

ground of error in this Court. We do not address cross-point of error one, therefore, we may consider all of the complained of affidavits. We now turn to the merits of the summary judgments.

### THE FIRST MOTION FOR SUMMARY JUDGMENT

The first motion for summary judgment after remand contained the following grounds: (1) sovereign immunity; (2) Jensen was not entitled to delay damages as a matter of law; (3) Jensen failed to comply with contract provisions regarding obtaining payment for extra work; and (4) Jensen was not the entity that performed all of the work under the contract.

### 1. Sovereign Immunity

In point of error one, appellants contend the trial court erred in granting the County's first and second motions for summary judgment on the basis that appellants' claims in contract and quantum meruit were barred by sovereign immunity. For convenience, we will address the issue of sovereign immunity in both motions for summary judgment together. Appellants argue that Texas common law has abrogated sovereign immunity on breach of contract claims. Alternatively, appellants contend section 81.041 of the Texas Local Government Code provides express legislative authority for suits against counties. We agree with the latter.

The County urges this Court to reexamine its holdings in *Texas Department of Health v. Texas Health Enterprises*, 871 S.W.2d 498 (Tex.App.—Dallas 1993, writ denied), and *Industrial Construction Management v. DeSoto Independent School District*, 785 S.W.2d 160 (Tex.App.—Dallas 1989, no writ), and reconcile the conflict with *Texas Southern University v. Federal Sign*, 889 S.W.2d 509 (Tex.App.—Houston [14th Dist.] 1994, writ granted), and *Green International, Inc. v. State*, 877 S.W.2d 428 (Tex.App.—Austin 1994, writ dism'd). Because we agree with appellants that section 81.041 provides legislative authority to sue the County, making the result the same under either analysis,

resolution of this conflict is unnecessary to disposition of this appeal.

Section 81.041(a) provides "a person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." TEX.LOCAL GOV'T CODE ANN. § 81.041(a) (Vernon 1988). Section 81.041 authorizes appellants, after rejection of its claims by the commissioners court, to sue the County to recover its claim. *See Farmers State Bank v. Bowie County*, 127 Tex. 641, 95 S.W.2d 1304, 1306 (1936) (analyzing earlier enactment of section 81.041); *see also Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex. 1970). We sustain point of error one.

### 2. Damage For Delay

In point of error two, appellants contend the trial court erred in granting the County's first motion for summary judgment because the contract bars Jensen's claims. The County contends that appellants are not entitled to recover damages for delay or extra work because the contract contains "no damage for delay provisions."

### Applicable Law

■ Generally, a contractor is entitled to recover damages for losses due to delay and hindrance of work if the contractor proves: (1) its work was delayed or hindered; (2) it suffered damages because of the delay or hindrance; and (3) the owner of the project was responsible for the act or omission which caused the delay or hindrance. *Beaumont v. Excavators & Constructors, Inc.*, 870 S.W.2d 123, 134 (Tex.App.—Beaumont 1993, writ denied); *City of Houston v. R.F. Ball Constr. Co.*, 570 S.W.2d 75, 77 (Tex.Civ. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). However, "no damage for delay provisions" may preclude recovery of delay damages by the contractor. *See R.F. Ball Constr.*, 570 S.W.2d at 77.

■ The generally recognized exceptions to "no damage for delay provisions" are a delay that: (1) was not intended or contemplated by the parties to be within the purview of the provision; (2) resulted from fraud, misrepresentation, or other bad faith on the part of one seeking the benefit of the provision; (3) has extended such an unreasonable length of time that the party delayed would have been justified in abandoning the contract; or (4) is not within the specifically enumerated delays to which the clause applies. *R.F. Ball Constr.*, 570 S.W.2d at 77 & n. 1.

### Application

■ The County relies on Item 9.12 of the contract and article 8.13 of addendum 1 of the contract which provide that appellants (1) "shall accept the compensation as provided in the contract in full payment ... for all expenses and damages which might accrue to the contractor by reason of delay in the initiation and prosecution of the work for any cause whatsoever ...," and (2) the early completion bonus is payable only if the work is substantially completed and opened to traffic "within the requirements for early completion, despite any delay which may be experienced by the contractor, for any cause whatsoever."

The County contends that appellants failed to submit any admissible summary judgment evidence which established exceptions to the enforceability of the "no damage for delay provisions" in the present case. However, it was not appellants' burden to conclusively establish that one of the exceptions applies. The County, as movant, bore the burden of proving that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Nixon*, 690 S.W.2d at 548.

The first motion for summary judgment relied upon the pleadings, and Jensen's responses to the County's first and third sets of interrogatories. In the answers to the interrogatories, Jensen listed specific instances of unreasonable interference which delayed and reduced the efficiency of work on the project, and required suspension of work until the rules imposed by the County could be complied with. Jensen alleged the County threatened Jensen with the loss of the early completion bonus if it did not do the work required. Jensen also alleged the withhold-

ing of payment to induce Jensen to comply with the unreasonable and arbitrary demands imposed by the County.

We conclude the County failed to conclusively establish that the "no damage for delay provisions" preclude delay damages by the contractor. The County's summary judgment evidence raises fact issues about whether the delays resulted from bad faith on the part of the County and whether the delays extended such an unreasonable length of time that the party delayed would have been justified in abandoning the contract. We sustain the portion of point of error two regarding the "no damage for delay provisions."

### 3. Extra Work Approval Requirements

 In point of error two, appellants additionally contend the trial court erred in granting the first motion for summary judgment on the grounds that appellants cannot recover for damages unrelated to delays because they did not comply with the contract's extra work approval requirements.

Item 9.3 of the contract provides:

9.3 *PAYMENT FOR EXTRA WORK:* The extra work done by the Contractor and authorized and approved by the Engineer will be paid for in the manner hereinafter described and the compensation thus provided shall be accepted by the Contractor as payment in full for all labor, materials, tools, equipment and incidentals and all superintendent's and time-keepers' services, insurance, bond and all other overhead expense incurred in the prosecution of the extra work. Payment for extra work will be made by one of the following methods:

(a) *Method "A"*—By unit prices agreed on in writing by the Engineer and Contractor and approved by the Commissioners Court before said extra work is commenced, subject to all other conditions of the contract.

(b) *Method "B"*—By lump sum price agreed on in writing by the Engineer and Contractor and approved by the Commissioners Court before said extra work is commenced, subject to all other conditions of the contract.

(c) *Method "C"*—By actual field cost of the work plus fifteen (15) percent as described herein below, agreed on in writing by the Engineer and Contractor and approved by the Commissioners Court before said extra work is commenced, subject to all other conditions of the contract.

Appellants argue in response that the County breached its contract with appellants and thus relinquished any procedural rights it had concerning the requirement of change orders and claims for additional costs. *See City of Baytown v. Bayshore Constructors, Inc.,* 615 S.W.2d 792, 793–94 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.). Appellants contend that the damages for; (1) higher strength concrete, (2) diamond grinding, (3) thicker concrete, (4) extra flexbase, (5) extra shouldering, (6) excessive cleanup, and (7) additional lab and testing fees for concrete testing were all in excess of the specifications in the contract.

The County contends that the only summary judgment evidence relating to performance of the Contract was the first Griffin affidavit, and that it established that Jensen had been paid or tendered payment of all amounts due under the contract. The County contends appellants did not submit any summary judgment evidence supporting their allegation that the County breached its obligations under the contract. Thus, they argue, item 9.3 of the contract applies and appellants may not recover for the extra work damages because they failed to have the extra work approved.

The first motion for summary judgment relied upon the pleadings, and Jensen's responses to the County's first and third sets of interrogatories. In the answers to the interrogatories, Jensen listed specific acts by the County which they alleged breached the contract, including (1) refusing to follow the specifications required for concrete testing procedures, surface leveling of concrete, and shouldering, (2) refusing to allow Jensen to prove the strength of the concrete was adequate, and (3) making arbitrary and unjustified interpretations of the contract and specifications. We conclude the County's summary judgment evidence did not conclusively establish that the extra work

required by the County was within the specifications of the contract. We sustain point of error two.

### 4. Proper Party

In point of error three, appellants contend that the trial court erred in granting the County's first motion for summary judgment because Jensen was a proper party to bring suit against the County. Appellants contend that Jensen entered into and executed the contract with the County and performed the work under the contract, first through its Jensen Paving division and later through Jensen Paving Co. and CTI. Appellants contend that the same employees, equipment, and administration started and completed the work under the contract, and that CTI performed the work as an "agent" of Jensen. Further, appellants argue that Jensen added CTI as a party and, therefore, all parties entitled to relief were properly before the trial court.

The County argues the summary judgment evidence established that CTI is the entity that performed the majority of the work under the contract and Jensen is not entitled to recover the majority of damages alleged. The County contends appellants failed to submit any evidence that established Jensen ever had an interest in the claims of CTI, either in a representative capacity or otherwise.

### Applicable Law

▪ Privity is an essential element necessary to any recovery in an action based on contract. *C & C Partners v. Sun Exploration & Prod. Co.*, 783 S.W.2d 707, 721 (Tex. App.—Dallas 1989, writ denied). Thus, maintenance of an action for breach of contract generally requires privity between the party damaged and the party sought to be held liable. *C & C Partners*, 783 S.W.2d at 721.

▪ In construction contracts, in the absence of an express agreement otherwise, a subcontractor is not in privity with the owner and must look to the general contractor, while the owner is liable only to the general contractor. *City of LaPorte v. Taylor*, 836

S.W.2d 829, 831 (Tex.App.—Houston [1st Dist.] 1992, no writ); *City of Corpus Christi v. Heldenfels Bros., Inc.*, 802 S.W.2d 35, 38 (Tex.App.—Corpus Christi 1990), *aff'd*, 832 S.W.2d 39 (Tex.1992).

### Application

▪ The County and Jensen contracted for Jensen to construct paving and drainage improvements. The record does not contain conclusive evidence regarding the legal relationship between Jensen and CTI, or the effect of their relationship on their rights and duties under the contract. It is not clear from the record whether Jensen assigned the contract to CTI, or if CTI performed as a subcontractor to Jensen.

The record does not contain summary judgment evidence of a direct contractual obligation between the County and CTI. The record does not contain an assignment or other express agreement that the County, as owner of the project, is liable on the contract to any party other than Jensen, the general contractor. Because separate corporate entities as subcontractors may perform work for the general contractor, the fact that Jensen separately incorporated CTI and CTI continued performance on the contract does not conclusively establish that Jensen is not entitled to recover damages under the contract. There are unresolved fact issues regarding the legal relationship between CTI and Jensen. The County did not conclusively establish that Jensen, as a party to the contract, was not entitled to sue the County for breach of contract. We sustain point of error three. Due to unresolved fact issues regarding the legal relationship between CTI and Jensen, we do not reach the limitations argument in point of error six.

### THE SECOND MOTION FOR SUMMARY JUDGMENT

The second motion for summary judgment after remand contained the following grounds: (1) sovereign immunity barred the quantum meruit claims; (2) the trial court lacked original jurisdiction over Jensen's claims; (3) the damages claimed by Jensen fell within the scope of the contract and were, therefore, not recoverable under a

quantum meruit theory; (4) the County's project engineer had absolute and binding authority to determine the scope of the contract; (5) CTI's claims were barred by limitations; and (6) Jensen was not entitled to attorney's fees because the County is not an individual or a corporation. We have previously addressed the issue of sovereign immunity under point of error one, so we begin our discussion of the second motion for summary judgment with the second ground presented to the trial court.

### 1. Limited Jurisdiction

In point of error four, appellants contend that the trial court erred in granting the County's second motion for summary judgment on the ground that the trial court lacked original jurisdiction to determine the amount, if any, of appellants' claims. The County contends that the trial court has limited supervisory jurisdiction over the commissioners court and could only review denial of appellants' claims for an abuse of discretion. .

### Applicable Law

 The judicial article of the Texas Constitution creates commissioners courts. TEX. CONST. art. V; *Ector County v. Stringer,* 843 S.W.2d 477, 478 (Tex.1992). The powers and duties of the commissioners courts include aspects of legislative, executive, administrative, and judicial functions. *Stringer,* 843 S.W.2d at 478. A commissioners court primarily administers the County's business affairs. *Tarrant County v. Ashmore,* 624 S.W.2d 740, 744 (Tex.App.—Fort Worth 1981), *rev'd on other grounds,* 635 S.W.2d 417 (Tex.), *cert. denied,* 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 606 (1982); *see also Stringer,* 843 S.W.2d at 478. Commissioners courts have only such powers as the Texas Constitution or the statutes specifically confer on them. *Commissioners' Court of Madison County v. Wallace,* 118 Tex. 279, 15 S.W.2d 535, 537 (1929); *Hooten v. Enriquez,* 863 S.W.2d 522, 529 (Tex.App.—El Paso 1993, no writ).

 A commissioners court, under section 81.041(a), has the authority to initially pass upon a claim arising from a breach of contract for public road construction. *Ashburn Bros. v. Edwards County,* 39 S.W.2d 945, 946 (Tex.Civ.App.—San Antonio 1931), *aff'd,* 58 S.W.2d 71 (Tex.Comm'n App.1933, judgm't adopted) (analyzing earlier enactment of section 81.041). The purpose of section 81.041(a) is to advise the commissioners court of the claim and afford it an opportunity to investigate and adjust it without litigation. *See Bowles v. Wade,* 913 S.W.2d 644, 650 (Tex.App.—Dallas 1995, writ filed). In fact, in large counties, the County auditor alone may perform this function. If the auditor rejects the claim, the requirements for a suit against the County have been met. *Lovell v. Bynum,* 315 S.W.2d 20, 22 (Tex.Civ. App.—Austin 1958, writ ref'd n.r.e.). The language the legislature used in section 81.041 speaks directly to a litigant's authority to sue. *See Bowles,* 913 S.W.2d at 647. Section 81.041(a) authorizes an appellant, after rejection of its claims for breach of contract by the commissioners court, to sue the County to recover its claim. *Farmers State Bank,* 95 S.W.2d at 1306. The rejected claim does not become an adjudicated claim. *Farmers State Bank,* 95 S.W.2d at 1306. An appellant's remedy is by appeal to the district court for a trial *de novo. Ashburn Bros.,* 39 S.W.2d at 947; *see also Farmers State Bank,* 95 S.W.2d at 1306.

### Application

The County contends that the trial court has limited supervisory jurisdiction over the commissioners court and could only review denial of appellants' claims for an abuse of discretion. It relies on *Stringer* for the proposition that the commissioners court order can be directly attacked only by alleging that the order is voidable, and the trial court is limited to a review of the order for an abuse of discretion.

In *Stringer,* the supreme court analyzed the district court's supervisory control over the commissioners court's constitutional duty to set constables' salaries. *Stringer,* 843 S.W.2d at 479. The commissioners court performs a legislative function when it creates the budget for the County's offices and departments. *Hooten,* 863 S.W.2d at 528. In establishing the County budget, the com-

missioners court sets the rate of compensation for its employees. *See* Tex.Local Gov't Code Ann. § 152.011 (Vernon 1988); *Hooten,* 863 S.W.2d at 529. District courts lack jurisdiction to perform the legislative duty specifically assigned to the commissioners court. *See Stringer,* 843 S.W.2d at 477; *Hooten,* 863 S.W.2d at 528. Because *Stringer* analyzed the district court's supervisory control over the commissioners court's action regarding a constitutionally-mandated legislative function, we conclude it is inapplicable to claims such as the one before us.

The purpose of section 81.041(a) is to advise the commissioners court of the claim and afford it an opportunity to investigate and adjust it without litigation. The language the legislature used in section 81.041 speaks directly to a litigant's right to invoke a trial court's jurisdiction. *Bowles,* 913 S.W.2d at 647. Section 81.041(a) authorizes an appellant, after rejection of its claim for breach of contract by the commissioners court, to sue the County to recover its claim. Contract claims against counties are reviewed *de novo* in the district courts. *See Farmers State Bank,* 95 S.W.2d at 1306; *Ashburn Bros.,* 39 S.W.2d at 947. District courts have jurisdiction to determine commercial claims against the County, provided the claims are first presented to the commissioners court pursuant to section 81.041. We sustain point of error four.

### 2. Scope Of The Contract

In point of error five, appellants contend that the trial court erred in granting the County's second motion for summary judgment because Jensen is entitled to pursue its quantum meruit claims as a matter of law. Alternatively, appellants contend there is a fact issue about whether the extra work was outside the scope of the contract. The County contends that the extra work complained of by appellants falls within the scope of the contract; therefore, they may not pursue recovery in quantum meruit.

### Applicable Law

■■■■ The right to recover in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Black Lake Pipe Line Co. v. Union Constr. Co.,* 538 S.W.2d 80, 86 (Tex.1976), *overruled on other grounds by Sterner v. Marathon Oil Co.,* 767 S.W.2d 686 (Tex.1989); *Commerce, Crowdus & Canton, Ltd. v. DKS Constr., Inc.,* 776 S.W.2d 615, 620 (Tex.App.—Dallas 1989, no writ). If a valid express contract covering the subject matter exists, there can be no recovery upon a contract implied by law. *Black Lake,* 538 S.W.2d at 86. However, the existence of an express contract does not preclude recovery in quantum meruit for the reasonable value of services rendered and accepted that are not covered by the contract. *Black Lake,* 538 S.W.2d at 86.

■■■■ To determine if the contract required the work we must determine whether: (1) the work was extra; and (2) the contract made provision for the type of extra work performed. *Black Lake,* 538 S.W.2d at 86; *Kittyhawk Landing Apts. v. Anglin Constr. Co.,* 737 S.W.2d 90, 92 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Appellants may recover in quantum meruit for extra work required by the County only if they can prove that the requirements imposed by the County were not reasonably within the scope of the technical specifications. *See Black Lake,* 538 S.W.2d at 89.

### Application

■■■■ The County contends Griffin, as project engineer, had the absolute discretion to interpret the plans and specifications for the contract and to determine what work, including extra work, fell within the scope of the contract. The County contends that when a construction contract provides the engineer supervising the project with final and conclusive decision-making authority about all matters related to the contract, then the contractor cannot escape the binding effect of the engineer's decision without alleging and proving partiality, fraud, misconduct, or gross error. The County relies on *State v. Martin Brothers,* 138 Tex. 505, 160 S.W.2d 58, 61 (1942) to support its position. Because Griffin's second affidavit alleges that all of the work performed, even extra work, fell within the scope of the contract, the County

contends there can be no recovery in quantum meruit.

Item 5.1 of the contract, defining the authority of the engineer, is essentially the same as item 5.1 of the contract in *Martin. Martin*, 160 S.W.2d at 60. The *Martin* contract, however, contained a further grant of authority to the engineer not found in this contract. *Martin*, 160 S.W.2d at 60. The *Martin* contract went on to provide, "[T]he engineer will act as referee in all questions arising under the terms of the contract between the parties thereto and his decisions shall be final and binding." *Martin*, 160 S.W.2d at 60. Because the contract between Jensen and the County lacks this language, we decline to read this contract as granting such broad authority to the engineer.

We read the contract as more closely resembling the situation found in *Black Lake. See Black Lake*, 538 S.W.2d at 88. This contract, like the contract in *Black Lake*, provides that performance shall be to the satisfaction of one of the parties to the contract, here the County's project engineer. Accordingly, the reasonableness test applies to determine whether to uphold the decision of the project engineer. *Black Lake*, 538 S.W.2d at 89.

The County relies on Griffin's second affidavit to support its position that all of the purported extra work falls within the scope of the contract. Griffin testified that appellants' damage claims for (1) higher strength concrete, (2) diamond grinding, (3) thicker concrete, (4) extra flexbase, (5) extra shouldering, (6) rusty rebar, (7) extra lime, and (8) cleanup and punchlist, all fall within the scope of the contract. We have previously concluded that Griffin's testimony is competent summary judgment proof.

If an interested expert witness presents legally sufficient evidence in support of a motion for summary judgment, the opposing party must produce other expert testimony to controvert the claims. *Anderson*, 808 S.W.2d at 55. Appellants rely on two affidavits to refute Griffin's testimony. The first affidavit contains testimony by Larry L. Swanda, vice-president of CTI. The affidavit does not establish Swanda's qualifications as an expert engineer. Lay testimony is insuffi-

cient to refute an expert's testimony. *Anderson*, 808 S.W.2d at 55. The second affidavit contains testimony by Thomas R. Sidler, field engineer and supervisor for appellants.

Sidler sets out his qualifications, describes the services he performed, and addresses the claims for extra work. Although not as detailed as the Griffin affidavit, nonetheless, he provides the basis for his opinion that each of the above claims for extra work falls outside the scope of the contract and was not reasonably necessary for the completion of the contract. He testified that the project engineer's determination that the work was within the scope of the contract was unreasonable. We conclude that Sidler's affidavit is sufficient to controvert Griffin's affidavit. Because the reasonableness of Griffin's determinations is disputed, we conclude that the County failed to conclusively establish that the complained of work was reasonably within the scope of the technical specifications in the contract. We sustain point of error five. Because the scope of the contract has not been conclusively established, we do not address point of error seven about whether the County's contractual defenses bar appellants' quantum meruit claims.

Because each of the grounds presented to the trial court are insufficient to support summary judgment, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings. Because we reverse the trial court's judgment, we do not address point of error eleven or cross-point of error two concerning attorney's fees. *See* Tex.R.App.P. 90(a).