NO. 07-03-0465-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 31, 2004



______________________________




PERRY L. HAMMONDS, APPELLANT



V.



JIMMY D. BAGBY, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 91053-1; HONORABLE W. F. ROBERTS, JUDGE



_______________________________




Before QUINN and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION



 Appellant Perry L. Hammonds, an indigent inmate, challenges the trial court's order
dismissing his claim as frivolous against appellee Jimmy D. Bagby, an employee of the
Texas Department of Criminal Justice. Presenting a sole issue on appeal, he contends his
Fourteenth Amendment rights were violated by Bagby when he confiscated certain
commissary items. We affirm.

 By his original petition filed on June 6, 2003, Hammonds alleged Bagby deprived
him of property in violation of his due process rights and other rules and policies of the
Texas Department of Criminal Justice. Specifically, he claims that certain commissary
items such as sodas, chips, hot sauce, and chocolate peanuts were taken and never
returned. As required by section 14.005(a)(1) of the Texas Civil and Practice Remedies
Code, (1) Hammonds filed his unsworn declaration describing two grievances he filed;
however, copies of the written decisions from the grievance system are not included in the
record as required by section 14.005(a)(2). On October 13, 2003, the trial court signed an
order dismissing the case as frivolous.

 Hammonds's suit is governed by the rules set forth in chapter 14 of the Code. 
Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.-Houston [1st Dist.] 1996, no
writ). The purpose of chapter 14 is to assist the trial court in determining whether a suit is
malicious or frivolous under section 14.003(a). Hickson v. Moya, 926 S.W.2d 397, 399
(Tex.App.-Waco 1996, no writ). In determining whether a claim is frivolous, the trial court
may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the
claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts
in support of the claim; and (4) the claim is substantially similar to a previous claim filed by
the inmate because it arises from the same operative facts. Spurlock v. Johnson, 94
S.W.3d 655, 657 (Tex.App.-San Antonio 2002, no pet.). Where, as here, the trial court
dismissed the suit without conducting a fact hearing, we are limited to reviewing only
whether the claim had an arguable basis in law. Bohannan v.Texas Bd. of Criminal
Justice, 942 S.W.2d 113, 115 (Tex.App.-Austin 1997, writ denied); see also Sawyer v.
Texas Dep't of Criminal Justice, 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998,
pet. denied). A claim has no arguable basis in law if an inmate has not exhausted his
administrative remedies. Retzlaff v. Texas Dept of Criminal Justice, 94 S.W.3d 650, 653
(Tex.App.-Houston [14th Dist.] 2002, pet. denied).

 The trial court has broad discretion to dismiss as frivolous a suit that is subject to
chapter 14 of the Code, and the court's action is reviewed for abuse of discretion. 
Spurlock, 94 S.W.3d at 657; see also Hickson, 926 S.W.2d at 398. Abuse of discretion
is determined by whether the court acted without reference to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). 
The mere fact that a trial judge may decide a matter within his discretionary authority in a
different manner than an appellate judge does not demonstrate that an abuse of discretion
has occurred. Id. 

 Hammonds couches his appellate argument in terms of deprivation of property and
due process violations. He also asserts, however, that his suit was for property damages. 
Assuming, arguendo, that Bagby intentionally deprived Hammonds of his property, it does
not constitute deprivation of a right of constitutional significance where an adequate post-deprivation remedy exists. See Aguilar v. Chastain, 923 S.W.2d 740, 743-44
(Tex.App.-Tyler 1996, writ denied), citing Hudson v. Palmer, 468 U.S. 517, 535, 104 S.Ct.
3194, 3204-05, 82 L.Ed.2d 393 (1984). The Legislature has provided an administrative
remedy to pay claims by inmates for property lost or damaged by the Department. See
Tex. Gov't Code Ann. §§ 501.007 & 501.008 (Vernon 1998). 

 Appellant alleges in his unsworn declaration, as well as in his brief, that he
exhausted his administrative remedies by filing grievances that were resolved against him. 
The clerk's record, however, does not contain any copies of his grievances nor the written
decisions from the grievance system. We cannot conclude that he exhausted his
administrative remedies and thus, his complaints of deprivation of property and denial of
due process do not have an arguable basis in law. The trial court did not abuse its
discretion in dismissing the suit as frivolous. Hammonds's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


1. All references to the Code are to the Texas Civil Practice and Remedies Code
Annotated (Vernon 2002).


to dismiss the divorce, and (2) a representative of the "County
Clerk[']s office" informed Valarie that no pending divorce action between Rex and Valarie
could be located. We must determine whether Valarie was negligent in failing to file an
answer in the divorce in reliance upon the representations of Rex and the clerk. (2)

 According to Valarie's affidavit, Rex asked Valarie, within a week of her receipt of
the divorce petition, if she would agree with his dismissal of the divorce proceeding. Valarie
agreed to the dismissal. In March, Valarie asked Rex "several times" if he had dismissed
the divorce and he informed her that he had contacted his attorney to have the action
dismissed. Valarie attempted to contact Rex's attorney to confirm the dismissal of the
divorce, but was unable to obtain this information. Valarie had her sister contact Rex to
determine the status of the divorce and Rex told Valarie's sister that the divorce had been
dismissed. Valarie also contacted a "County Clerk[']s office" and was informed that no
pending divorce action could be located. (3) Taking the evidence presented by Valarie as
true, we conclude that Valarie raises genuine issues of material fact as to whether she
acted without negligence in relying on the representations of Rex and as to whether she
exercised reasonable diligence in determining that she did not need to file an answer.

 Rex cites Gone v. Gone, 993 S.W.2d 845 (Tex.App.-Houston [14th Dist.] 1999, no
pet.), and Ramos v. Ramos, No. 01-98-00913-CV, 2000 Tex.App. LEXIS 8042
(Tex.App.-Houston [1st Dist.] 2000, pet. denied), for the proposition that, after proper
service is had upon a party to a lawsuit, reliance upon erroneous representations of
dismissal by the opposing party constitutes negligence as a matter of law. However, both
of these cases involved review of the actual bill of review proceedings, in which the burden
of proof is on the petitioner, rather than summary judgments, where the burden is on the
movant. 

 In Gone, the trial court found that the bill of review respondent did not represent to
the bill of review petitioner that the divorce had been dismissed and, in the absence of any
other explanation, further found that the bill of review petitioner had provided no evidence
of why he failed to file an answer to the divorce. Gone, 993 S.W.2d at 847. By contrast,
the trial court made no such finding in the present case. Further, because we must accept


Valarie's affidavit evidence as true, we must conclude that Rex did represent to Valarie that
he had dismissed the divorce. As a result, we conclude that Gone is inapposite.

 In Ramos, an unpublished opinion, the bill of review petitioner relied upon the
representation of the respondent's attorney that the respondent intended to dismiss the
divorce and that, if she did not, the attorney would notify the petitioner of any future court
settings. Ramos, 2000 Tex.App. LEXIS 8042, at *11. Citing Gone, the Ramos court
concluded that the bill of review petitioner's "lack of diligence in failing to file an answer
after receiving notice of the divorce action . . . was negligence that contributed to the entry
of the default judgment against him." Id. at *12. However, we fail to see how Gone
supports the Ramos court's conclusion. Further, it appears that the Ramos petitioner made
no effort to confirm the dismissal of the divorce. By contrast, Valarie's summary judgment
evidence raises a material fact issue as to whether she exercised reasonable diligence in
attempting to confirm that Rex had dismissed the divorce.

 Thus, we conclude that neither the Gone or Ramos opinions apply to our review of
the summary judgment rendered in this case. Further, we conclude that Rex has failed to
show that Valarie's failure to file an answer, after proper service, based on erroneous
representations of dismissal made by him constitutes negligence as a matter of law. CONCLUSION

 We conclude that Valarie's summary judgment evidence raises a genuine issue of
material fact as to whether her reliance upon Rex's representations that he had dismissed
the divorce was non-negligent. Therefore, we reverse the Order Granting Respondent's
Motion for No Evidence Summary Judgment and remand this cause to the trial court for
further proceedings.


 Mackey K. Hancock

 Justice





 
1. We note that Rex objected, at the summary judgment hearing, to the affidavits
constituting and containing hearsay. The context in which the court stated that "On those
grounds, it will be admitted" makes it unclear whether the court was ruling that the affidavit
was being admitted excluding those portions which were hearsay, or that the affidavit, as
presented, was being accepted as an affidavit, or both. Thus, we are uncertain whether
the trial court ruled on Rex's hearsay objection. See Tex. R. App. P. 33.1(a)(2)(A). 

 Further, both at the hearing and on appeal, Rex indicates only that the affidavits are
"composed of hearsay statements." However, a general objection that an affidavit contains
hearsay is insufficient to direct our attention to those portions which are objectionable. See
Jensen Constr. Co. v. Dallas County, 920 S.W.2d 761, 769 (Tex.App.-Dallas 1996, writ
denied).
2. Because we conclude that Valarie's summary judgment evidence raises a material
fact question as to whether she was negligent in relying on Rex's representations that the
divorce had been dismissed, we need not address the issue of Valarie's reliance on the
representations of the clerk. See Tex. R. App. P. 47.1.
3. We express no opinion as to whether the information received by Valarie from the
"County Clerk[']s office" constituted a mistake or error of a functionary of the court in the
discharge of their official duties. See Baker, 582 S.W.2d at 407. Rather, we note Valarie's
attempt to contact a clerk as relevant to the determination of whether Valarie has raised a
genuine fact issue relating to the diligence she exercised in determining whether she
needed to file an answer in the divorce.