Opinion issued December 6, 2007











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00738-CV




DONALD E. SPENCER, Appellant

V.

PRIME SITE, INC., Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 823027-101



MEMORANDUM OPINION
          Appellant, Donald E. Spencer, appeals from a summary judgment rendered in
favor of appellee, Prime Site, Inc. In three issues, Spencer asserts that the trial court
erred by sustaining Prime Site’s objection to his summary judgment evidence and by
granting summary judgment against him in his claims for common law fraud and
negligence.


 We conclude that the trial court did not abuse its discretion by
sustaining Prime Site’s objection to Spencer’s evidence, and that the court properly
granted summary judgment because no evidence raised a fact issue on the claims. We
affirm. BackgroundSpencer lived in Lynbrook Manor, a community of individually owned
condominiums managed by Prime Site. As a resident of the complex, Spencer was
assigned parking space 169 for his personal use. Towing records indicate that on July
8, 2002, Lynbrook Manor resident Calvin McKnight contacted American Wrecker
Service, requesting that a black Ford F-150 truck be removed from parking space 167,
McKnight’s assigned parking space in the complex. In response to McKnight’s
request for a tow from space 167, Spencer’s dark blue 2000 Ford F-150 truck, which
Spencer said “could be called black,” was towed from space 169. Spencer said that
when he called Prime Site after the towing, he was initially told they “didn’t know
anything.” However, after Prime Site contacted American Wrecker, Prime Site
informed Spencer that a resident had initiated the tow. 
          Spencer’s vehicle was released without charges for the tow. Spencer said he
asked Prime Site for the full name of the resident who ordered the tow to “talk to
them for the safeguard [sic] of my family,” and to ensure “somebody doesn’t have any
animus against us.”
          As of July 25, Spencer was told the resident’s name was Calvin. However,
Prime Site refused to disclose the full name and contact information of the resident
who requested the tow. Spencer demanded that Prime Site reveal the name of the
resident, saying that if it did not, he and his family would move from the
condominium complex. He and his family moved out shortly thereafter.
          Spencer got the full name and phone number of McKnight from American
Wrecker on September 11, 2002 at a municipal court tow hearing. Spencer contends
that he contacted McKnight three days after the tow hearing, but McKnight
disclaimed any responsibility for the towing.
          Spencer filed suit against Prime Site and American Wrecking. Spencer
asserted that Prime Site’s negligent and fraudulent conduct caused him to move from
the condominium. Spencer asserted his entitlement to $30,000 in damages, including
moving expenses, mental anguish, loss of enjoyment of life, loss of income, and
damages to his vehicle.
          In response to the lawsuit filed by Spencer, Prime Site filed a motion for
traditional and no-evidence summary judgment on the claims for fraud and
negligence. Prime Site attached to its motion for summary judgment (1) a portion of
Spencer’s deposition, (2) American Wrecker’s tow log, and (3) a copy of Spencer’s
original petition. In the deposition, Spencer agreed that Prime Site did not place the
call to have the car towed. The towing log showed that McKnight requested the tow
from space 167, but that the vehicle from space 169 was towed.
          Spencer’s response to the motion for summary judgment included evidence,
which consisted of (1) an affidavit from himself, (2) the tow agreement between
Prime Site and American Wrecker, (3) the call record for the tow, (4) a letter from
Prime Site to Spencer, and (5) a moving services contract for Spencer’s moving
expense to leave Lynbrook Manor. Prime Site objected to Spencer’s affidavit
because it was based on hearsay and was conclusory. Prime Site also objected to the
moving services contract on hearsay grounds because it was not accompanied by the
required business records affidavit. The trial court sustained the evidentiary
objections. The trial court granted Prime Site’s summary judgment without stating
the grounds.
Exclusion of Evidence
          In his first issue, Spencer contends that the trial court erred in sustaining Prime
Site’s objection to his affidavit submitted as summary judgment evidence.


 Spencer
does not contend that the affidavit is not conclusory or based on hearsay; rather, he
asserts that the page numbers referred to in the objection fail to sufficiently specify
the portion believed to be objectionable. 
          A specific objection is one that enables the trial court to understand the precise
grounds so as to make an informed ruling, affording the offering party an opportunity
to remedy the defect, if possible. McKinney v. Nat’l Union Fire Ins. Co. of
Pittsburgh, Pa., 772 S.W.2d 72, 74 (Tex. 1989) (op. on reh’g). The court in
McKinney noted that a non-specific objection does not preserve error on appeal, not
that a non-specific objection cannot be sustained. See id. We review a trial court’s
ruling that sustains an objection to summary judgment evidence for an abuse of
discretion. See Cruikshank v. Consumer Direct Mortgage, Inc., 138 S.W.3d 497, 499
(Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing City of Brownsville v.
Alvarado, 897 S.W.2d 750, 753 (Tex. 1995)). 
          Though Spencer cites to no authority in his brief, he refers to his motion for
new trial filed in the trial court, in which he cites Jensen Construction Co. v. Dallas
City, 920 S.W.2d 761 (Tex. App.—Dallas 1996, writ denied). In Jensen, the court
held that appellate argument regarding objections to an affidavit submitted as
summary judgment evidence had to be more specific than a reference to eight pages
of transcript in order to preserve error on appeal. Jensen Constr. Co., 920 S.W.2d at
769. The court noted: “A general directive to review affidavits for hearsay and
impermissible factual conclusions is not sufficient to direct our attention to the error
about which complaint is made.” Id. (emphasis added). Jensen is not applicable here
because it enunciates a requirement of specificity in appellate argument, not in
objections to the trial court. See id.
          Prime Site filed written objections to Spencer’s affidavit. Specifically, Prime
Site objected to conclusory statements in Spencer’s affidavit, as follows:
          1.       Plaintiff’s statements on page 3 of his affidavit regarding Prime
Site’s alleged breach of the “Private Property Agreement;”
 
          2.       Plaintiff’s statements on page 3 of his affidavit regarding Prime
Site’s alleged awareness of the alleged breach of the “Private
Property Agreement,” and misrepresentations;
 
          3.       Plaintiff’s statements on page 3 of his affidavit regarding his
justifiable reliance upon Prime Site’s alleged misrepresentations;
 
          4.       Plaintiff’s statements on page 3 of his affidavit regarding the
materialness of Prime Site’s alleged misrepresentations;
 
          5.       Plaintiff’s statements on page 3 of his affidavit regarding his
alleged injury of intentional infliction of emotional distress;
 
          6.       Plaintiff’s statements on page 4 of his affidavit regarding Prime
Site’s alleged negligence[.]
 
          Spencer contends that he “could not find anything on page three of his affidavit
that aligned with Prime Site’s objections,” and that “page four . . . was the signature
page.” 
          Spencer is correct that the fourth page is the signature page and that the page
numbers referred to in the objections do not correspond with the page numbers in the
four-page affidavit. However, we cannot conclude that the trial court abused its
discretion by sustaining the objection merely because the page number in the
objection does not correspond with the page number in the affidavit. Excluding the
signature page, the affidavit is three pages long. The objections describe topics that
are easily found on pages two and three of the affidavit. We hold that Spencer has
failed to demonstrate that the trial court abused its discretion by sustaining Prime
Site’s objections. We overrule Spencer’s first issue.Summary Judgment
          In his second and third issues, Spencer contends the trial court erred by
granting summary judgment on his claims for common law fraud and negligence. 
Prime Site moved for both traditional and no-evidence summary judgment. See Tex.
R. Civ. P. 166a(c) (traditional); Tex. R. Civ. P. 166a(i) (no-evidence). The trial court
granted the motion without stating the grounds.
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). When, as here, a summary judgment does not
specify the grounds on which it was granted, we will affirm the judgment if any one
of the theories advanced in the motion is meritorious. Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex. 2004). 
          After adequate time for discovery, a party may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim. 
Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence raising a genuine issue of material fact. Id. We
review a no-evidence summary judgment by construing the record in the light most
favorable to the nonmovant and disregarding all contrary evidence and inferences. 
Patriacca v. Frost, 98 S.W.3d 303, 306 (Tex. App.—Houston [1st Dist.] 2003, no
pet.). A trial court improperly renders a no-evidence summary judgment if the
nonmovant presents more than a scintilla of probative evidence to raise a genuine
issue of material fact. Greathouse v. Alvin Indep. Sch. Dist., 17 S.W.3d 419, 423
(Tex. App.—Houston [1st Dist.] 2000, no pet.). More than a scintilla of evidence
exists when the evidence “would allow reasonable and fair-minded people to differ
in their conclusions.” Forbes Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172
(Tex. 2003).
          A. Fraud
          In his second issue, Spencer asserts summary judgment for his claim of
common law fraud was improperly granted. To successfully assert a claim for
common law fraud, a party must prove:
          1.       that a material representation was made;
 
          2.       the representation was false;
 
          3.       when the representation was made, the speaker knew it was false;
 
          4.       the speaker made the representation with the intent that the other party
should act on it;
 
          5.       the party acted in reliance on the representation; and
 
          6.       the party thereby suffered injury.

See In re First Merit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001). Prime Site stated
in its motion,
Plaintiff has provided no evidence on any of the essential elements of
fraud. Specifically, Plaintiff has presented no evidence that Defendant
made a misrepresentation with the intention that Plaintiff act on it, that
Plaintiff relied on a misrepresentation, that he justifiably relied on a
misrepresentation, that the representation was material, that the
representation was false, or that Plaintiff suffered damages.
 
          Assuming Spencer is correct that the record shows that a false representation
was made, Spencer produced no admissible evidence on the other elements
challenged in the no-evidence motion. More specifically, the only evidence offered
by Spencer on reliance and damages was his affidavit and the contract for moving
services. However, both Spencer’s affidavit and the moving services contract were
struck by the trial court. Because Spencer did not produce evidence to raise a fact
issue on each of the challenged elements in the motion for summary judgment, we
hold that the trial court properly rendered the no-evidence summary judgment on
Spencer’s fraud claim in favor of Prime Site. See Tex. R. Civ. Proc. 166a(i);
Greathouse, 17 S.W.3d 423. We overrule Spencer’s second issue.
          B. Negligence
          In his third issue, Spencer contends summary judgment was also improperly
rendered on his claim for negligence. To succeed on a negligence claim, a plaintiff
must prove (1) the existence of a legal duty, (2) a breach of that duty, and (3)
damages that were proximately caused by the breach.  See Kroger Co. v. Elwood, 197
S.W.3d 793, 794 (Tex. 2006). In its motion for summary judgment, Prime Site asserts
that Spencer could produce no evidence of the elements of duty and causation on his
negligence claim.


 Spencer responds that Prime Site owed a duty to Spencer as a
third party beneficiary of the contract between Prime Site and American Wrecker and
offers his own affidavit in support of his claim. He also asserts that causation was
shown because “[Prime Site] knew . . . that [Spencer] would not reside at Lynbrook
Manor without knowing and investigating the cause of the illegal tow” and cites to
his own affidavit in support of this assertion. 
          Assuming a legal duty existed, Spencer produced no admissible evidence on
the causation element, which was challenged in Prime Site’s no- evidence motion. 
The only evidence offered by Spencer on causation was his affidavit. However,
Spencer’s affidavit was struck by the trial court. Because the trial court excluded the
only evidence offered by Spencer to show causation, we hold that the trial court
properly rendered the no-evidence summary judgment on Spencer’s negligence claim
in favor of Prime Site. See Tex. R. Civ. Proc. 166a(i); Greathouse, 17 S.W.3d at
423. We overrule Spencer’s third issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.